## GUTCHESS *vs.* WHITING.

A purchaser of chattels, after having sued the vendor, for a breach of warranty in the sale, and been defeated in the action, may bring an action against the *agent* by whom the sale was made, for a fraud practiced by him on such sale.

JOHN OVERROCKER was the owner of a load of barley, raised by himself, which was not new barley. He sent the defendant to Port Byron to sell the grain, telling him he must not sell it for seed barley. The defendant took the barley to Port Byron, and sold it to the plaintiff for seed barley. It was worthless for that purpose. The plaintiff sued Overrocker, who defended, pleading "*a general denial only* to the alleged cause of action." The cause was tried, and the plaintiff was defeated, the jury rendering a verdict in favor of Overrocker. The plaintiff then paid that judgment, and brought this action against the defendant for the *fraud*, claiming that he was a *special* agent of Overrocker, and alleging "that in disregard of, and in violation of his said special instructions and authority, and of his duty, and in excess of his authority, the said defendant, at the time of making said sale to the plaintiff of said barley, wrongfully, and with intent to cheat and defraud the plaintiff, falsely and fraudulently represented and affirmed to the plaintiff that the barley was good seed barley, and was fit for the purpose of seed barley, and was good barley for any purpose or use, and thereby *fraudulently* induced the plaintiff to purchase the same for seed, and falsely and fraudulently concealed from the plaintiff, and suppressed the fact of his limited or special agency, authority and instructions aforesaid, not to sell the same for seed barley, but falsely represented that he had general and unrestricted power and authority to sell and warrant and recommend said barley for the purpose of, and to be fit for seed," &c.

The cause was moved for trial, but upon the statement of the case by the plaintiff's counsel, in his opening to the jury, the court dismissed the complaint, and nonsuited the plain-

tiff. Various exceptions were taken, on the trial, which were ordered to be heard at the general term, in the first instance.

*H. V. Howland,* for the plaintiff.

*D. Wright,* for the defendant.

*By the Court,* JOHNSON, J. The plaintiff was nonsuited at the circuit upon the opening of his case by his counsel. The opening, as the case shows, corresponded with the complaint; the plaintiff's counsel stating substantially the facts as therein alleged. The question presented, therefore, is whether a good and subsisting cause of action is therein stated against the defendant. This question would have been more properly presented by a demurrer to the complaint, on the ground that upon the facts stated in the complaint no action could be maintained against the defendant.

The defendant had the right, however, if he did not choose to risk his defense upon a demurrer, to put in his answer, and raise the question in this manner at the trial. The action is for a fraud practiced by the defendant, while acting as the agent of one Overrocker, in the sale of a quantity of barley to the plaintiff, representing it to be fit and proper for seed barley. The complaint, upon the facts therein stated, makes out a very clear and gross case of fraud against the defendant. That an action for a deliberate and intentional fraud practiced by a person in making a sale, may be maintained against him personally even though he is acting as the agent of another in making the sale can not, I suppose, be doubted. No authority can be needed in support of so plain and reasonable a proposition. The action does not in such a case proceed upon the contract, but upon the tort. And in torts there is no such legal relation as principal and agent. Every person guilty of a tort, to the injury of another, is liable in an action, even though another is also liable for the same injury. No question, however, I suppose, would

or could arise in this case but for the fact stated in the complaint, that an action had before been brought by the plaintiff against Overrocker, the principal, to recover for a breach of a warranty in the same sale of the barley, in which the plaintiff after recovering in the justice's court had, on appeal, been defeated in the county court. It is claimed that the judgment in that action is a bar to the action now brought against the defendant, who was, as the complaint shows, only acting as agent of the defendant in the former action, in making the sale. That is the point now to be considered. It appears from the complaint that the former action was upon the contract, and for a breach of it. The defense was a general denial of the cause of action. Upon the trial of that action in the county court, on appeal, there was a verdict against the plaintiff, upon the issue; and a judgment in favor of the defendant for the costs of the action. But how does that operate to bar this action, for a fraud in the same transaction? Certainly it can not be maintained that an action for a breach of a warranty in a sale, where the plaintiff is defeated, and it is determined there was no warranty, is a bar to a subsequent action for a fraud practiced in the same sale. If the plaintiff recovers in the first action and gets his damages, he can have no further action, because his claim for damages has been satisfied. But not so where he is defeated, and it appears he has no cause of action upon a warranty. He may still have a good cause of action for the fraud, which has never been tried or determined.

For aught I can see, that is this case. It seems to be assumed, by the defendant's counsel in his points, that upon the trial of the former action in the county court, the fact was established, by the evidence, that in making the sale, the defendant, as agent, did warrant the barley as good seed barley, not only without authority, but against express instructions not to do so, from his principal. And it is urged that the defendant, in that action, upon that state of facts, was clearly liable and the plaintiff ought to have had judgment,

and was erroneously defeated. It is a sufficient answer to this, to say that nothing of the kind appears in the plaintiff's complaint. On the contrary, the fair inference from the facts stated in the complaint is, that the plaintiff was there defeated upon the main issue, to wit, whether there was any warranty. Certainly it does not appear from the complaint, that the plaintiff was there defeated, or that the case turned upon the sole ground that a warranty was confessedly made, but that the agent had no authority to make it, and consequently the defendant, as principal, was not bound. It is indeed stated in the complaint that the defendant in that action "proved and established the fact that the said Whiting (this defendant) was a special agent merely, and had no right or authority to warrant said barley *or to recommend* or sell the same for seed; nor any right, power or authority to bind him, the said Overrocker, by his warranty and representations of said barley for seed barley." But whether a warranty or a mere recommendation was made out by the evidence, does not appear. The action was upon the contract, and unless a warranty was proved, the plaintiff must necessarily have failed in his action.

It does not aid the defendant's case at all, if it be conceded that the principal might be made liable for the fraud of the defendant, as his agent; because, as has been already suggested, several may be liable for a tort, and it is no defense to one, that another is also liable. The question of fraud has not yet been tried against the principal, and it is no bar to this action that he might have been prosecuted. In any aspect of the case, there is not enough stated in the complaint to make the principal liable for the fraud of the defendant, as agent. It is not stated that the principal had in any way ratified the sale, and taken the benefits of it, either by accepting and retaining the money, or otherwise. Nothing appears upon that subject whatever, and there is no presumption in the defendant's favor, on that question, as the case now stands.

Upon the case as it appears here, the plaintiff was non-suited upon the opening of his counsel, merely because it was stated that he had before brought an action against the defendant's principal, for a breach of warranty in the sale of the barley, and had been defeated in the action. That was clearly no ground for a nonsuit. Doubtless, facts were assumed there, which do not appear in the complaint or in the case.

There must, therefore, be a new trial, with costs to abide the event.

[MONROE GENERAL TERM, June 4, 1866. *Welles, E. Darwin Smith,* and *Johnson,* Justices.]