## McDERMOTT v. CONLEY.

*(Supreme Court, General Term, Fifth Department.* October 23, 1890.)

**1. HIGHWAYS—LIABILITY FOR OBSTRUCTION.**
   A person who places a number of logs in a public highway, and leaves them there, is responsible for injuries sustained by reason of the obstruction, and it is immaterial whether he or some other person owned the logs.

**2. APPEAL—OBJECTION NOT APPARENT ON THE RECORD.**
   Where an order denying a new trial fails to disclose upon what ground the motion was made or denied, no questions are presented for review, except exceptions appearing in the record.

Appeal from Yates county court.

Action by Margaret McDermott against James Conley. There was a judgment for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Briggs & Baker,* for appellant. *Calvin J. Huson,* for respondent.

CORLETT, J. This action was originally brought in a justice's court, where the plaintiff alleged that the defendant wrongfully and negligently obstructed a public highway in the town of Potter, by piling thereon a quantity of logs, by means of which her horse was injured. A trial was had in the justice's court, which resulted in a verdict of $25 for the plaintiff. The defendant appealed to the county court, where a new trial was had, and the plaintiff obtained a verdict for $49, upon which judgment was entered, and the defendant appealed from the order of the county court denying a new trial,

and also from the judgment. The evidence tended to show that in February, 1885, the plaintiff's husband, and one William McManus, went to obtain a load of wood; that there was considerable snow upon the ground, making it difficult to follow the beaten track of the highway, the center of which was drifted. When returning, they drove upon the logs lying lengthwise along the highway, and one of the horses caught its foot between the logs and received the injury complained of. The evidence also tended to show that the side of the road, where they were driving, was smooth except for the logs. The evidence also tended to show that the defendant placed the logs where the accident happened; but he insisted that they were not in the highway, and also claimed that they belonged to his wife, although the evidence tended to show that he admitted they belonged to him. It does not appear, by the order denying the new trial, upon what ground the motion was made or denied. The general rule is that, under such circumstances, no questions are presented for review except exceptions appearing in the record. *Hinman* v. *Stillwell*, 34 Hun, 178; *Ehrman* v. *Rothschild*, 23 Hun, 273. The learned judge, in his charge, stated to the jury: "If you should find that this defendant, when approached in regard to this matter, did say to these parties that they were his logs, * * * if he admitted to these parties that they were his logs, then he is estopped from saying the woman did it." To this portion of the charge, the learned counsel for the appellant excepted. It is difficult to see what materiality can be attached to those remarks of the learned judge. The evidence tended to show, and the jury must have found, that the defendant placed the logs in the highway, and left them there. In fact, this was not controverted on the trial. It is of no consequence whether he or some other person owned the logs. A person cannot justify obstructing by logs, or otherwise, a public highway, upon the claim that somebody else directed him to do it, who owned the materials placed there. *Crane* v. *Onderdonk*, 67 Barb. 47; *Hecker* v. *De Groot*, 15 How. Pr. 314; *Gutchess* v. *Whiting*, 46 Barb. 139; Story, Ag. § 311. It does not seem to have been seriously claimed upon the trial that the logs were not placed in the highway and left there by the defendant, or that the injury was not caused by their being there. It is a general rule that one passing along a highway has a right to assume that it is reasonably safe. *McGuire* v. *Spence*, 91 N. Y. 303; *Bidwell* v. *Town of Murray*, 40 Hun, 195; *Weed* v. *Ballston Spa*, 76 N. Y. 329. The evidence tended to show that in this case, on the occasion in question, the ground was covered with snow; that neither the plaintiff nor her agent had any knowledge of the obstruction; and that, by reason of the logs being there, the injury occurred. The learned counsel for the appellant makes no question but that the plaintiff was free from contributory negligence. No importance can be attached to the suggestions of the learned county judge on the question of estoppel. The facts, as found, show that the defendant placed a number of logs in the public highway, and left them there, which caused the injury complained of, without contributory negligence on her part. Upon these facts, no reason is seen why the plaintiff should not recover the damages she has sustained. The judgment must be affirmed. All concur.