### LEACH *v.* BUFFALO, R. & P. R. Co.

(*Supreme Court, General Term, Fifth Department.* January 24, 1891.)

APPEAL—REVIEW—RIGHT OF RECOVERY.

 Where the case on appeal fails to show that any claim was made on a motion for a new trial on the minutes that the verdict for plaintiff was against the weight of evidence, or that plaintiff was not entitled to recover, the right of recovery on the evidence is not reviewable.

Appeal from circuit court, Wyoming county.

Action by Mary Leach against the Buffalo, Rochester & Pittsburg Railroad Company for personal injuries alleged to have been inflicted on plaintiff by other passengers on defendant's train. Judgment was entered on a verdict for plaintiff for $1,000, and a motion for a new trial was denied. Defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Henry G. Danforth,* for appellant. *M. E. & E. M. Bartlett,* for respondent.

CORLETT, J. On the 17th day of October, 1889, the plaintiff purchased an excursion ticket from the defendant for a passage on its road from Silver Springs to Rochester, and return. The plaintiff entered the car to return a few minutes before it started. A number of men of the excursion party went into the rear end of the same car. There were 10 or 12 of them, and they engaged in loud talking, and appeared to be intoxicated. Some of them stood up, and at times walked up and down the aisle, quarreling among themselves. Blows were struck, and finally two of them, Madison and Austin, in a struggle between them, crowded into the plaintiff's seat, and against her, and inflicted upon her, as she claims, serious injuries. This occurred about the time the train reached Le Roy, in Genesee county. The fighting commenced about an hour after the train left Rochester. The train consisted of 11 coaches, occupied by about 548 passengers. There were four brakemen on the train. It appeared that the turbulance in the car would partially cease when the conductor was passing through it. There was also evidence tending to show that his attention was called to the misbehavior of these apparently intoxicated men. The plaintiff brought an action to recover damages for her alleged injuries. The cause was tried at the Wyoming circuit, in April, 1890, and the plaintiff obtained a verdict for $1,000. A motion was made by the defendant on the minutes for a new trial, which was denied. Judgment was entered upon the verdict, and the defendant appealed to this court from the judgment and order. At the close of the plaintiff's evidence, the defendant asked the court to nonsuit the plaintiff, which was denied, and the defendant excepted. The trial justice fully charged the jury, presenting every aspect of the case. He stated to them, in substance, that it devolved upon the defendant to protect its passengers, to a reasonable extent, from injury by the misconduct of other passengers; that those in charge of the train owed a duty to the persons traveling upon it to protect them from unreasonable annoyance or violence of other passengers, after notice; that riotous passengers could be expelled from the train, unless, after proper notice, they demeaned themselves so as not to injuriously interfere with the rights of other travelers. The trial justice in the charge detailed to the jury the evidence bearing upon the negligence of the conductor, and those intrusted by the defendant with the charge and management of the train, in protecting the rights of the plaintiff as a passenger after notice, and commented fully upon all the evidence bearing upon the question of the defendant's liability. The rule of damages was also fully stated, including what the jury could take into consideration and account upon that question. In short, the trial justice submitted to the jury every question which bore upon the right of the plaintiff to recover, including the amount of recovery, in case of a verdict in her favor. No exceptions were taken to the charge by the learned counsel for the defendant.

The jury found a verdict in the plaintiff's favor for $1,000. The defendant made a motion for a new trial on the minutes. But the case fails to show that any claim was made on the motion that the verdict was against the weight of evidence, or that the plaintiff was not entitled to recover. The order shows that the motion was made, in part, upon the ground that the ver-

dict was excessive. But it nowhere appears that the motion was based on the ground that the evidence was not sufficient to entitle the plaintiff to recover. Under such circumstances, the right of recovery upon the evidence is not before this court. *Gray* v. *Elevator Co.*, 13 Wkly. Dig. 140; *McDermott* v. *Conley*, 11 N. Y. Supp. 403. But the question has been considered, and no error discovered in that regard. There is nothing in the case to show that the verdict was excessive. It follows that the judgment and order must be affirmed. All concur.