EDWARD C. BECHERER, Appellant, v. JAMES M. KEEFE, as Temporary Administrator of the Estate of ELIZABETH V. BECHERER, Deceased, Respondent.

(Argued May 3, 1932; decided June 1, 1932.)

*Harry A. Gair* for appellant. There is no identity between the cause of action previously tried and the one now before the court. The earlier action was to annul deeds. The present action rests on the deeds and seeks to retain the benefit of an agreement pursuant to which they were delivered. The present issue was not raised, could not be raised and was not adjudicated in the former action. (*Packet Co.* v. *Sickles*, 5 Wall. 580; *Russell* v. *Place*, 94 U. S. 606; *Bell* v. *Merrifield*, 109 N. Y. 202; *Lewis* v. *O. N. & P. Co.*, 125 N. Y. 341; *House* v. *Lockwood*, 137 N. Y. 259; *Cromwell* v. *County of Sac*, 94 U. S. 351; *Belden* v. *State*, 103 N. Y. 1; *Dawley* v. *Brown*, 79 N. Y. 390; *Godley* v. *Crandal & Godley Co.*, 212 N. Y. 121; *Reynolds* v. *Ætna Life Ins. Co.*, 160 N. Y. 635.)

*John N. Regan* and *Edward G. Bathon* for respondent. The issues and facts presented in the present action are *res adjudicata* and are barred by the judgment in the former trial. (*Hull* v. *Hull*, 225 N. Y. 342.)

CROUCH, J. To adjust a marital dispute plaintiff conveyed certain real property to his wife by deeds absolute in form. She, at the same time, executed and delivered into his custody a will by which she devised the same property to him. Later, he sued to set aside the deeds. His claim was that under the duress of a separation suit based on false charges and by the inducement of false representations knowingly made by the wife, he had conveyed the property to her upon condition that she should hold it for his benefit and should reconvey it to him when he desired. Among many other facts the com-

plaint alleged the making of the will above referred to. The answer was a denial. Upon the trial of that action the complaint was dismissed on the merits.

The court specifically found that the deeds delivered by the plaintiff to the defendant were not conditional but absolute; that they were based upon a sufficient consideration; that they were the free will and acts of the plaintiff; and that they were not procured through any undue influence, duress, fraud or false and fraudulent representations as the inducing cause. The court made no specific finding as to the making of the will nor as to whether that incident was or was not part of the transaction between the parties. It did refuse to find at plaintiff's request that defendant executed the will at the same time and as part of that transaction.

Thereafter the present action was brought by the plaintiff against his wife, who has since died. Its purpose was to prevent any transfer or incumbrance of the property beyond the term of her life, upon the theory that although by virtue of the judgment in the former action she owned the property, she nevertheless had agreed at the time the deeds were given to make a will devising it to plaintiff; that she had in fact made such a will and that she was now threatening to sell it. The judgment in the former action was pleaded in bar. The defense, overruled at Special Term, has been sustained in the Appellate Division.

The complaint in the former action, rambling and prolix, alleged many evidentiary facts concerning the mingled marital and business relations of the parties, including the making of the will. It seems to have been the purpose of the pleader to disclose the creation and existence of an atmosphere in which the alleged wiles of the wife might well have flourished. All of that matter was irrelevant except so far as it afforded an evidentiary setting for the essential charge that the deeds had been procured by means of duress, fraud and undue influence. The denial of an asserted fact creates an issue of some sort. It

may be an ultimate issue or it may be an evidential issue. Its judicial determination when pleaded in bar is ordinarily conclusive only so far as it was ultimate and was necessary to a premise upon which the decision rests. (*Donohue* v. *New York Life Ins. Co.,* 259 N. Y. 98.)

That any issue at all relating to the will was ever decided in the former action is not at all clear. It is true that the complaint alleged and the answer denied the making of the will pursuant to an agreement. It is true that evidence on the point was given by both parties. But it is also true that no express finding was made. We are asked to infer one from the findings and the refusal to find stated above. The inference, while arguable, is too uncertain to meet the burden of proof resting on the defendant. (*Bell* v. *Merrifield,* 109 N. Y. 202, 211.)

In any event, it is clear that such a finding would have decided a fact which was merely evidentiary and collateral. What the agreement between the parties may have been when the deeds were given was not necessary to a determination of whether they had been fraudulently or otherwise wrongfully procured.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.