GEORGE B. CASE, Appellant, *v.* DONALD J. HARDENBROOK, Respondent.

Second Department, April 28, 1933.

*Walter Jeffreys Carlin,* for the appellant.

*E. J. Dimock [B. L. Visscher* and *G. W. Watkins* with him on the brief], for the respondent.

LAZANSKY, P. J. Case sold Hardenbrook a rug for $13,000. Claiming that Case had warranted the rug in certain respects, of

which the most important was that it was an antique Lavre Kerman, and that the warranties had been breached, Hardenbrook brought an action against Case, alleging the warranties, their breach and other matters sufficient to state a cause of action, demanding damages in the sum of $32,500. The answer, to the extent necessary for present consideration, was a general denial. There was a jury trial and a verdict was rendered for Case. The only issues submitted to the jury were: Did Case represent the rug to be an antique Lavre Kerman? If he did, was the representation false? The verdict was in favor of Case, and judgment dismissing the complaint was entered accordingly.

While the warranty action was pending, Case began this action against Hardenbrook for goods sold and delivered, including said rug, alleging various payments on account but leaving a balance due to Case. Hardenbrook, by amended answer, as a defense and counterclaim asserted that the same representations pleaded in the warranty action, with several others added, were fraudulently made to induce the sale. In other words, Hardenbrook, having been defeated in his warranty action, seeks by this action to recover damages for fraud. The judgment in the warranty action having been entered, Case, replying to the counterclaim, asserted that the judgment in the warranty action was a bar. The trial court held that the judgment in the warranty action was not an adjudication which would prevent a recovery for fraud in the sale of the goods. The jury rendered a verdict in favor of Hardenbrook on his counterclaim in the sum of $4,000, being the difference between $13,000, the price of the rug, and $9,000, the sum the jury determined the rug was worth.

The question to be determined is: After judgment in favor of a seller of goods in an action brought by a buyer to recover for a breach of warranty, in which action a number of items of representations are alleged, only one of which was submitted to the jury, may an action be maintained by the buyer to recover damages upon allegations of the same representations and several others fraudulently made to induce the sale?

There can be no doubt that if the second action were for breach of warranty it could not be maintained. The first adjudication would be a final determination, not only of the issue actually tried, but of all that might have been tried. The buyer had his day in court on the warranty issue, and if he omitted to try all the representations which he claimed were the subject of warranty, the door would be closed against him to assert in another action what he failed to submit in the first. (*Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316.)

Does the change from an averment that representations were made to one that they were fraudulently made prevent the application of the rule just stated? I am of opinion that it does not and that the trial court should have dismissed the counterclaim.

Although different in form, the two actions are upon the same claim or demand; there is no difference in substance, no difference in the rights or interests affected.

" A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first." (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.)

The first action established (1) that there were no representations, or (2) if there were, they were true. Every other issue was not " ultimate," but " evidentiary." (*Becherer* v. *Keefe*, 259 N. Y. 298, at p. 300.) To succeed in the fraud action, the buyer must prove (1) representation; (2) falsity. One of these two items has been found against him. The allegation of fraud in this action merely adds to the burden of the buyer but does not affect the sameness of the other vital issues. To permit the buyer to maintain this action would destroy rights or interests already established. It is only " when the two causes of action are different, not in form only, * * * but in the rights and interests affected," that the estoppel of the judgment in the first action is a bar only to what was actually determined. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Co.*, *supra.*) That rule has no application here. Everything alleged in the second cause of action, save fraud, could have been litigated in the first. To the extent that the dictum therein may be read to the contrary, I am not in accord with *Gutchess* v. *Whiting* (46 Barb. 139).

The view that these two actions are in substance the same is confirmed by the long-established rule, not generally appreciated, that for breach of warranty there lies either an action in tort for deceit, which was the original concept, or in assumpsit. (Williston Sales [2d ed.], §§ 195, 196, 197; *Shippen* v. *Bowen*, 122 U. S. 575; *Holman* v. *Dord*, 12 Barb. 336; *Wood* v. *Anthony & Co.*, 79 App. Div. 111; *Norton* v. *Doherty*, 3 Gray, 372.) In the last named case, the fraud action, brought first, was held to be a bar to an action in assumpsit for breach of warranty. The decision seems to proceed upon the theory of election of remedies.

Therefore, either upon the theory that there has been an election of remedies or that a determination in the warranty action estops the assertion of rights substantially the same in this action, though

different in form, the buyer may not recover on his counterclaim I place my conclusion on the second.

The judgment, in so far as appealed from, should be reversed on the law, with costs, counterclaim dismissed, and judgment directed for plaintiff for the full amount claimed, with interest and costs. The order denying a motion to set aside the verdict in favor of the defendant and against the plaintiff on defendant's counterclaim and to grant a new trial should be reversed on the law and the motion granted to the extent of setting aside the verdict.

YOUNG, HAGARTY, TOMPKINS and DAVIS, JJ., concur.

Judgment, in so far as appealed from, reversed on the law, with costs, counterclaim dismissed, and judgment directed for plaintiff for the full amount claimed, with interest and costs.

Order denying motion to set aside the verdict in favor of the defendant and against the plaintiff on defendant's counterclaim and to grant a new trial reversed on the law and motion granted to the extent of setting aside the verdict.