ARTHUR L. BRUNING, Appellant, v. OLIVE R. BRUNING, Respondent, et al., Defendants.— In an action to declare certain deeds to be void on the ground of fraud, and for other relief, plaintiff appeals from an order, referred to as a "judgment and order", granting the motion of defendant Olive R. Bruning to dismiss the complaint on the ground of *res judicata,* pursuant to rule 107 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion denied, with $10 costs. The judgment which is claimed to constitute the bar to the action was rendered in an action in which plaintiff sought to establish an agreement on the part of the respondent to reconvey the property. The issues of fraud, tendered in the instant action, were not there litigated, and a favorable judgment in the present action would not affect the earlier determination. (See *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 306–308.) Nolan, P. J., Johnston, Wenzel and Mac-Crate, JJ., concur; Carswell, J., dissents and votes to affirm, with the following memorandum: When this action was here before (*Bruning* v. *Bruning,* 279 App. Div. 752), the plaintiff alleged that his wife had obtained realty from him under a promise to reconvey on demand, and his proof at the trial was that the reason for his conveyance was that he was an alcoholic. The trial court dismissed the complaint *on the merits* because it rejected the plaintiff's proof that the wife had promised to reconvey. In the present action the same plaintiff says that the same wife obtained the same property from him some time when he believed that he was going to die. The mere fact that in one action he said he turned the property over because he was an alcoholic, and in the second that he did so because he was afraid he was going to die, is a matter of form only and inefficacious to prevent the application of the doctrine of *res judicata* in the light of the well-settled principle that the first judgment is conclusive where the two actions have such a measure of identity that a different judgment in the second action would destroy or impair rights or interests established in the first, and that the first action is conclusive not only with respect to a matter that was litigated but in respect to all kindred matters that *could have* been litigated. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Cromwell* v. *County of Sac,* 94 U. S. 351, 352.) But, the plaintiff asserts, this is a fraud action whereas the former was a contract action. What is the fraud which he alleges? It is contained in the twenty-first paragraph of the present complaint and, disregarding the verbiage, it is that the same wife induced him "to believe that he was making no actual transfer of the property involved". In other words, she led him to believe that his conveyance would not be binding upon him. This is precisely the same, only a little more general in tone, as the allegation in the original action that the wife had promised to reconvey on demand. The gravamen of both actions is a claimed *duty on the part of the wife to reconvey.* Reconveyance is the relief which was sought in the original action and that is the relief which is sought in this action. The characterization of fraud is utterly immaterial. Under well-settled authority the wife would be bound to reconvey if she had promised in words or substance under cover of confidential relationship. To fail to do so would be a breach of fiduciary relationship amounting to fraud. (*Pattison* v. *Pattison,* 301 N. Y. 65, 67, and authority there cited.) The first action established that there were no representations by the wife that the deeds to her from the plaintiff were other than absolute. (*Case* v. *Hardenbrook,* 238 App. Div. 169, affd. 263 N. Y. 630.) In substance, this husband has brought out once more his original and unsuccessful cause of action under a different label. [See *post,* p. 932, 986.]