TOWN OF EASTCHESTER, Plaintiff, *v.* JEROME A. KOCH, Defendant.

Supreme Court, Special Term, Westchester County, December 1, 1952.

*Raphael J. Macaro* for plaintiff.

*Walter W. Weiss* for defendant.

DOSCHER, J. The Town of Eastchester brings this action for a judgment declaring its rights to create a public parking place on certain property heretofore acquired by it. The property in question is burdened by a restrictive covenant against the operation of a business. The creation and operation of such parking place is opposed by an abutting owner, the defendant herein, who is one of the beneficiaries of the restrictive covenant.

This action is the second between the parties. In the first action, the plaintiff town sought to have defendant barred from claiming an interest in the property in question because, as it claimed, the neighborhood had so materially changed in character that the restrictive covenants should no longer be enforcible. That action resulted in a judgment adverse to the town.

In the case at bar, in addition to the denial of certain material allegations of the complaint, the defendant sets up, as an affirmative defense, the judgment of this court in the prior action. He claims such prior judgment is *res judicata* of the present controversy.

Whether the prior judgment is *res judicata* in the instant action depends upon the matters there litigated. If the issues litigated were the same, the principle would apply; if the issues differed, it would not apply (*Bruning* v. *Bruning,* 280 App. Div. 831).

In the prior action, it appears from the record, that the question litigated was the material change of character of the neighborhood. If such a change had taken place, the court could have found that any business might have been operated on the subject property. In the case at bar, the litigation is concerned only with the operation of a municipal parking place and the matter at issue depends upon whether such place falls within the category of a business. While the parties are the same in both actions, a different result in the present action would not necessarily destroy or impair the findings in the prior action. The restrictive covenant would still be enforcible against business enterprises.

The question in this case, therefore, resolves itself into a determination of whether the establishment of a public parking place by a municipality is a governmental or proprietary operation. By statute, the town may establish such a public parking place (Town Law, § 220, subd. 4). Off-street parking no doubt

promotes the flow of traffic and is in the public interest. This, in and of itself, however, does not make the establishment of a municipal parking place a governmental operation, even though such place may be subject to regulation under the police power.

When a municipality supplies water to its citizens and inhabitants, it performs a laudatory function, but operates in a proprietary capacity (*Oakes Mfg. Co.* v. *City of New York*, 206 N. Y. 221). When a town collects and disposes of garbage, it takes steps to safeguard public health, but, nevertheless, operates in a corporate capacity (*O'Brien* v. *Town of Greenburgh*, 239 App. Div. 555, affd. 266 N. Y. 582). No case exactly in point respecting a public parking lot has been found. Likewise, no legislative mandate has been found relating to the duty to establish municipal parking lots. Without such mandate there is no governmental function.

This court finds, and decides, that the plaintiff town, in establishing a public parking place, was performing a corporate function. While it has the power to perform this proprietary function, it does so as a body corporate subject to the same restrictions as to any other person, firm or corporation. It cannot be seriously argued that anyone else who attempted to operate a parking lot on the subject property could avoid the restriction by covenant against business. The town, therefore, cannot restrain or enjoin this defendant from enforcing the covenant against business running with the land on which the municipal parking place is sought to be established.

Settle, on notice, decision and judgment in accordance herewith.