■ BENJAMIN C. AMODEO, Appellant, v. WILLIAM J. MCLAUGHLIN, Respondent, et al., Defendants.— In an action to recover damages for an alleged breach of contract, the appeal is from a judgment dismissing the amended complaint on the merits, after trial before an Official Referee, to whom the issues had been referred for hearing and determination. Judgment reversed and a new trial granted, with costs to appellant to abide the event. The complaint was dismissed on proof that a prior action had been brought by respondent against appellant to recover on a contract dated May 7, 1949 for the purchase by appellant of respondent's interest in a business theretofore conducted by appellant and respondent as partners. In answer to the complaint in that action appellant interposed an answer, which included a defense and a counterclaim, in which he alleged that the contract on which respondent had brought action had been cancelled, and that appellant and respondent had entered into a new contract on or about October 13, 1953 to sell the business to third parties, which respondent had breached by refusing to sign a bill of sale. His counterclaim demanded equitable relief by way of specific performance of the agreement of October 13, 1953, together with all damages which appellant might have incurred by reason of respondent's failure to execute the bill of sale. The prior action was decided in respondent's favor, on a finding, as expressed in the decision made therein, that the contract on which that action was brought had not been cancelled. Appellant's counterclaim described in the decision as one " asking for equitable relief ", was dismissed on the ground that he had " failed to sustain " it. In the present action it has been held, as a basis for dismissing the complaint, that the judgment in the prior action is a bar, the learned Official Referee stating that the present action is brought for damages for the breach of the same agreement as that involved in the counterclaim in the prior action, and that while equitable relief might not have been appropriate at the time that action came to trial, damages at law might have been granted therein since that issue was

embraced in the pleadings. He also stated that it was immaterial whether the issue was actually litigated or not, since it might have been so litigated, and that the two actions had such a measure of identity that a judgment in appellant's favor in this action would destroy or impair rights established in the prior action. (Cf. *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.) We agree that in the present action appellant seeks damages for the same breach of the agreement of October 13, 1953, as was alleged in his counterclaim interposed in the prior action. In our opinion, however, the evidence adduced was insufficient to establish that appellant could have litigated in the prior action the question whether the contract, which is the basis of both the present action and the counterclaim in the prior action, was breached by respondent, or that a judgment in appellant's favor in the present action will impair or destroy any right established by respondent in the prior action. (Cf. *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, supra.) As we read appellant's counterclaim in the prior action, and as it was evidently understood by the court before which that action was tried, it was solely for equitable relief and for damages which a court of equity might award to him to adjust the equities as an incident to the relief which he sought. In order to recover in that action, it was necessary for him to establish a right to some equitable relief. (Cf. *Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439, 442–443, and cases there cited.) Once it became apparent, as it was on the face of the counterclaim which he interposed, that no ground for equitable relief existed, he could not have litigated the question whether there had been a breach of the contract in suit, for which he would have been entitled to recover at law, nor could he have compelled a determination of that question by the court in which the action was tried. (Cf. *Dickinson* v. *Springer*, 246 N. Y. 203, 210–211; *Terner* v. *Glickstein & Terner*, 283 N. Y. 299.) If his counterclaim failed by reason of lack of jurisdiction or because he had misconceived his remedy, and not from any inherent defect, the substance of the claim therein asserted may be made the subject of another action. (*Marsh* v. *Masterton*, 101 N. Y. 401.) We are unable to determine from the record presented in what respect it was held that appellant had not established his counterclaim, or whether the contention therein made that respondent had breached the contract of October 13, 1953 was ever considered, or whether the issue arising thereon was or could have been determined. (Cf. *Owens* v. *Owens*, 281 App. Div. 884, and cases there cited.) The inference is just as reasonable that the counterclaim was dismissed because it was not established that appellant did not have a full and adequate remedy at law. The burden rests on respondent, who asserted the defense of former adjudication to establish it, and appellant is entitled to the benefit of any uncertainty as to what was or could have been litigated in the prior action, or whether any right was established therein by respondent which may be destroyed or impaired by a judgment in appellant's favor in the present action. (*Griffen* v. *Keese.* 187 N. Y. 454, 464; *Bell* v. *Merrifield*, 109 N. Y. 202, 211; *Becherer* v. *Keefe*, 259 N. Y. 298, 301; *Lyman* v. *Billy Rose's Exposition Spectacles*, 267 App. Div. 532, 534.) On the new trial, the parties may, if so advised, offer such other evidence as may be available on the issue of res judicata. We have not decided, nor do we suggest by directing a new trial that we have considered, the question whether appellant's complaint states a cause of action. Nolan, P. J., Beldock, Ughetta, Hallinan and Kleinfeld, JJ., concur.