Irving H. Saypol, J.
This motion, staying execution pending appeal by Gladstone, is granted upon the terms indicated.
By decision (Goddard v. Gladstone, 8 Misc 2d 624) the executrix was directed to turn over certain stock to Gladstone upon payment of $6,000 plus interest from March 28, 1955, and judgment was awarded to Mrs. Kadel against Gladstone on two promissory notes with interest. Execution was stayed for 30 days. The judgment on the two notes is for $6,431 and $7,237.50, respectively. On the first note, Mrs. Kadel holds paintings as collateral which she is directed by the judgment to return to Gladstone upon satisfaction of that part of the judgment. These paintings are appraised in this application at $25,000, without contradiction. The stock which Mrs. Kadel is to turn over is valued currently, too without question, minimally at $13,125 — in other words she holds property valued at over $38,000 as against approximately $20,000 which she is entitled to recover from Gladstone. According to Gladstone, he learned for the first time after this motion of the issuance of execution by Mrs. Kadel, at once on the expiration of the 30-day stay, and that she had procured the Sheriff’s levy on the stock affected by the judgment.
The parties have cross-appealed. Mrs. Kadel seeks to review the judgment insofar as it determines that her possession of the stock from Gladstone is on a pledge, as distinguished from her contention that Gladstone sold it to her husband. Gladstone *1041 questions that part of the judgment only as to allowance of interest for the loan and he also appeals from the money awards against him on his notes. On this motion his position is that no security or an amount less than the amounts of the money judgments is required. Mrs. Kadel, opposing, argues that there is no scope for judicial action to stay execution except on full security, viz., $13,668.50 plus the security to be given for costs and damages on appeal pursuant to section 593 of the Civil Practice Act.
The first problem is whether or not the court has power to fix security in the lesser amount and, then, if so, in what amount.
The main question is controlled by section 615 of the Civil Practice Act (see Eleventh Annual Report of N. Y. Judicial Council, Recommendations to Clarify Practice Relating to Stay of Execution, pp. 273, 290- 293). Reading the statute as it was amended in 1945 (L. 1945, ch. 841), one finds at the outset that a stay may be had without order by giving prescribed undertakings. The essence of the Kadel argument is that only by giving such full security may a stay be had. But if that be the case, Gladstone can comply without an order; in fact he would need no order. The next part of section 615, as amended, provides for a stay on order of this court “ upon any terms as to security or otherwise as justice requires ” with a following exception that in the case of a money judgment no stay shall be for more than 30 days without security. If Kadel’s argument, as I understand it, is acceptable, that the words ‘‘ without security ’ ’ mean the full security expressed in the first alternative, i.e., stay on undertaking without an order, then the second alternative becomes a duplication and the words investing discretion in the Supreme Court or a justice thereof to grant an order upon any terms as to security or otherwise as justice requires become meaningless. The catchlines heading-sections 593 to 598, inclusive, of the Civil Practice Act provide for stays in the Court of Appeals without order, which practice is assimilated to the practice in the Appellate Division by the first prescribed alternative, without order, by section 615 of the Civil Practice Act as amended in 1945. That statute now covers stays either without or with order. The supporting report of the Judicial Council (op. cit., p. 291) states that in an appeal to the Appellate Division (before the law was amd. in 1945), the court or judge has power to grant a stay on any condition (see n. 29 citing cases, p. 291). Logically, the discretionary power of the court by order is continued.
In that view, I believe Mrs. Kadel will be adequately secured and a stay is warranted upon Gladstone posting the under *1042 taking of $500 required by section 593 of the Civil Practice Act plus his further undertaking secured by his interest in the paintings and the balance of his interest in the stock against which Mrs. Kadel is entitled to recover the $6,000 plus interest. Assuming that on review Mrs. Kadel should succeed and the stock held to be the property of the estate, at the very least she would hold the paintings whose value exceeds the aggregate of what she would be entitled to recover, viz., $13,668.50. This conclusion is in accord with the observation by the Judicial Council (foot of p. 292, op. cit.) of the effect of section 615 when amended, as it has been, that then the Supreme Court or a judge thereof would retain the power to grant a stay in any case on such condition as justice may require. To overlook the existing conditions would ignore the discretion which is required by the justice of the case.
Settle order.