testimony from which it can be concluded, even inferentially, that the defendant was aware that the purchase of narcotics made by Olavarria from him was for the purpose of resale, let alone to establish that the two were acting in a "joint venture" (4 N Y 2d 26). We find no merit in the other claims of error urged by the defendant. Concur — Botein, P. J., Breitel, Rabin, Frank and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. IRVING SCHWARTZBERG, Appellant.— Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank and McNally, JJ.

■ CHESAPEAKE INDUSTRIES, INC., Appellant, v. HERBERT A. POST, INC., et al., Respondents.— Judgment unanimously affirmed, with costs to the respondents. No opinion. Concur — Botein, P. J., Breitel, Rabin, Frank, and McNally, JJ.

■ JEANNETTE M. ZLOTLOW, Appellant, v. ISIDORE ZLOTLOW, Respondent. — Order unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Frank and Stevens, JJ.

■ In the Matter of STANLEY ROSENBERG, Respondent, against STEINBERG-KASS, INC., et al., Appellants.— Mandamus does not lie in behalf of a former stockholder and officer of a corporation for the inspection of its books. The common-law and statutory right of inspection depends on the subsisting status of stockholder or officer in respect to the corporation. The petition fails to allege that petitioner presently is a stockholder or officer of the corporate respondent; hence, it is legally insufficient. We do not pass on the respondents' contractual rights under the agreements of the parties dated October 21, 1954 and March 29, 1957. The order unanimously reversed on the law and the petition dismissed, without costs, and without prejudice to any appropriate action petitioner is advised to bring. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ.

■ JACOB M. GODDARD, Plaintiff, v. MILTON GLADSTONE, Respondent, et al., Defendants, and AMANDA KADEL, as Executrix of JOHN KADEL, Deceased, Added Party Defendant-Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ. [9 Misc 2d 1039.]

■ In the Matter of the Appointment of a Committee of the Person and Property of DOROTHY SANDS, an Alleged Incompetent Person. GERARD C. DURR, Appellant; JEROME J. LANDE et al., Respondents.— Order appointing a committee of the person and property of the incompetent is modified on the law and facts, and in the exercise of discretion, by striking out the appointment of the committee named in the order appealed from and substituting in his place Gerard C. Durr, Esq., the person selected by the sole living next of kin. Upon the record herein there is not an adequate showing that the next of kin's nominee is disqualified from serving (Matter of More, 268 App. Div. 1055; Matter of Foster, 230 App. Div. 730, affd. 254 N. Y. 614). Costs to all parties filing briefs, payable out of the estate. Appeal from order entered March 18, 1957, denying reargument, is dismissed. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ.

■ In the Matter of the Arbitration between A. JACOB STONE, Appellant, and BACHE & Co., Respondent.— Order unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ.

■ AUDREY ROTHENBERG, by ANNA GREENFIELD, Her Guardian ad Litem, Respondent, v. BENNETT ROTHENBERG, Appellant.— Order unanimously affirmed, without costs. No opinion. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ.