**CHESAPEAKE INDUSTRIES, INC.,**
Appellant,

v.

**William McKinley WETZEL, Appellee.**

No. 13708.

United States Court of Appeals
Sixth Circuit.

April 23, 1959.

James L. O'Connor, New York City (Murphy & Mayl, Dayton, Ohio, on the brief), for appellant.

Rowan A. Greer, Jr., Dayton, Ohio (Landis, Ferguson, Bieser & Greer, Dayton, Ohio, on the brief), for appellee.

Before MARTIN, Chief Judge, and MARIS and McALLISTER, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the plaintiff, Chesapeake Industries, Inc., from a summary judgment rendered in favor of the defendant, William McKinley Wetzel, by the District Court for the Southern District of Ohio. The plaintiff's suit was for damages for fraudulently inducing the plaintiff to purchase the assets of Safa Alarm Division, Inc. (formerly called Liberty Industries, Inc., and still earlier Stanley Greetings Inc.), a corporation which was in the business of manufacturing and selling greeting cards. The gist of the complaint was that Wetzel, in order to induce Chesapeake to purchase the greeting card inventory and other assets of Safa, represented in a brochure which

he gave to Chesapeake in May, 1955, that Safa's greeting card inventory was priced in accordance with a certain formula which provided for deductions according to age. Chesapeake alleged that in reliance upon these representations it purchased the assets of Safa and that the representations proved to be false by reason of which it suffered substantial damages.

After filing an answer and an amended answer Wetzel moved for summary judgment. His motion was supported by factual admissions made by the plaintiff at his request under Rule 36 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and by an affidavit of counsel. From the admissions and affidavit it appeared that a written agreement of sale had been entered into as of June 30, 1955 between Safa (then known as Stanley Greetings, Inc.), Herbert A. Post, Inc., and Chesapeake and that in a prior suit brought by Chesapeake against Post and Safa (at that time known as Liberty Industries, Inc.) in the Supreme Court of New York a final judgment had been entered dismissing Chesapeake's complaint on the merits and the judgment had been affirmed by the Appellate Division of the Supreme Court. Chesapeake Industries, Inc. v. Herbert A. Post, Inc., and Liberty Industries, Inc., 1958, 6 App. Div.2d 685, 174 N.Y.S.2d 944. It also appeared that Post was the owner of the entire capital stock of Safa and that Wetzel was the owner of the entire capital stock of Post, chairman of its board of directors and president of Safa and that he negotiated the agreement of sale on behalf of Post and Safa and appeared as a witness in their behalf in the New York suit. Upon the motion thus made by Wetzel the district court entered the summary judgment dismissing the complaint which is now under review.

■ We think that the judgment of the district court was right. Under the aspect of res judicata known as collateral estoppel a party is precluded from litigating a second time an issue of fact which has been litigated and decided in a prior lawsuit between the same parties or their privies even though it is sought to be litigated in a suit based upon a different cause of action. State ex rel. Ohio Water Service Co. v. Mahoning Valley Sanitary District, 1959, 169 Ohio St. 31, 157 N.E.2d 116. Here it appears that Chesapeake had litigated in the Supreme Court of New York in an action for the breach of its contract of sale with Post and Safa the issue of misrepresentations as to the pricing of the greeting card inventory and damages resulting therefrom which it seeks to litigate in the present action in the district court against Wetzel. The contract of sale dated as of June 30, 1955 between Safa (then known as Stanley Greetings, Inc.) as seller, Post as stockholder of seller, and Chesapeake as buyer, had annexed to it a financial statement of Stanley Greetings, Inc. dated as of April 30, 1955 and certified by certified public accountants who stated that it reflected the financial position of the company as of that date in conformity with generally accepted accounting principles.

One of the fundamental issues involved in the New York suit was whether the amount of the inventory of finished goods shown in the financial statement of April 30, 1955 misrepresented to Chesapeake the value of the finished goods on hand in that it did not reflect that value computed in accordance with the accounting procedure stated in the brochure which Wetzel had submitted to Chesapeake, but instead stated the value of the finished goods in inventory at lower of cost or market. The second basic issue was whether Chesapeake had been damaged by reason of the manner in which the inventory was actually computed. The Supreme Court of New York decided both these issues against Chesapeake, finding that the agreement of sale was entered into on the basis of the representations contained in the financial statement attached thereto which expressly stated that the inventories therein given were "at lower of cost or market," and that Chesapeake did not rely upon the formula stated in the brochure. Finding that the inventory had been cor-

rectly computed at lower of cost or market the New York court concluded that Chesapeake had not suffered damages and dismissed its complaint.

It will thus be seen that the issues of misrepresentation and damages which Chesapeake seeks to litigate in the present suit, and upon which it must prevail if it is to succeed in its action, are substantially the same as the issues which were definitely and finally decided against it in the litigation which it instituted in the state court in New York against Post and Safa. It is immaterial that the first suit was for damages for breach of warranty while the present one is for damages for fraudulent misrepresentations inducing the contract. Case v. Hardenbrook, 1933, 238 App.Div. 169, 263 N.Y.S. 825, affirmed 263 N.Y. 630, 189 N.E. 731. Chesapeake is accordingly precluded by the principle of collateral estoppel from relitigating those issues if Wetzel, the present defendant, is entitled to the benefit of the estoppel of the New York judgment.

As we have seen, Wetzel was the owner of all the capital stock of Herbert A. Post, Inc., which corporation in turn was the owner of all the capital stock of Safa. Furthermore Wetzel was chairman of the board of directors of Post and president of Stanley Greetings, Inc., now Safa. It was Wetzel who represented Post and Stanley Greetings, Inc., in the negotiations with Chesapeake out of which the present controversy arose. Indeed he signed the contract of sale for Stanley Greetings, Inc., as its president. As chairman and sole stockholder of Post and president of Stanley Greetings, Inc., which had then become Liberty Industries, Inc., and is now Safa, he controlled the litigation in the New York court and actually appeared in that court as a witness for his corporations. It is obvious from all the circumstances that Chesapeake must have known of Wetzel's interest in and control of the New York litigation. We think that Wetzel was so far in control of the litigation in New York and identified in interest with the defendants therein as to be entitled to the estoppel in the present action of the judgment which they recovered in the New York court. Restatement, Judgments, § 84.

In view of our conclusion as to the applicability of collateral estoppel in this case it becomes unnecessary for us to consider the question discussed by the parties and by the district court as to whether the present action is barred by the New York judgment under the doctrine enunciated by Chief Judge Cardozo in Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 1929, 250 N.Y. 304, 165 N.E. 456.

The judgment of the district court will be affirmed.