SCHUYLKILL FUEL CORPORATION, Respondent, *v.* B. & C. NIEBERG REALTY CORPORATION, INC., et al., Appellants, Impleaded with Another.   (Actions 1, 2 and 4.)

(Argued January 16, 1929; decided February 13, 1929.)

*I. Maurice Wormser* and *Harry L. Toplitt* for appellants. The defense in action No. 4 of *ultra vires* presents a triable issue. (*Morris* v. *Wierner Co.*, 65 Misc. Rep. 18; *Harms Co.* v. *Michel Brewing Co.*, 176 App. Div. 235; *National Park Bank* v. *German-American Co.*, 116 N. Y. 281.) The counterclaim in action No. 4 for reformation raises issues which should not have been determined summarily at Special Term upon conflicting affidavits. (*Baird* v. *Erie R. R. Co.*, 210 N. Y. 225.)

*Herman Kahn* for respondent. The City Court action No. 3 between these parties was based upon the same contract which is the basis of these three actions. The determination therein against the defendants, to the effect that the contract created a joint liability among the defendants, was, therefore, *res adjudicata* in these actions upon that issue. (*Skidmore* v. *Fahys Watch-Case Co.*, 28 App. Div. 94; *New York City Car Advertising Co.* v. *Greenberger*, 150 N. Y. Supp. 642.) The new issues thereafter raised by the appellants' amended answers, in action No. 4, were just as effectively barred. (*Tyler* v. *Standard Wine Co.*, 52 Misc. Rep. 374; *Woods* v. *Garcewick*, 67 App. Div. 53.)

CARDOZO, Ch. J. Plaintiff made a contract with five corporations, defendants in these actions, to supply whatever coal was required for their business in accordance with their written orders, the contract to continue for a stated term.

Four of the defendants, the appellants in this court,

insist that liability under the contract is several, not joint, and that none of them may be held for coal delivered to the others. The fifth defendant, being bankrupt, has suffered a default.

If the question were still open, much might be said in support of the defendants' position that the contract, fairly read in the setting of the circumstances, is at least so ambiguous that an inference of a several promise with a several liability might be drawn upon a trial as an inference of fact (Restatement of the Law of Contracts, American Law Institute, §§ 112, 128). The difficulty is that the meaning and effect of the contract have already been adjudicated. In an action between the same parties in the City Court of the City of New York, judgment was recovered against all the defendants jointly for coal delivered at other times. The same contract was pleaded, and the nature of the promise, *i. e.*, its quality as joint or several, was the subject of the controversy, the gist of the debate. The court held it to be joint. The defendants may not now be heard to claim that it is several (*Lorillard* v. *Clyde*, 122 N. Y. 41; *Reich* v. *Cochran*, 151 N. Y. 122; *U. S.* v. *Moser*, 266 U. S. 236). " The effect of the judgment is not at all dependent upon the correctness of the verdict or finding upon which it was rendered " (*Wilson's Executor* v. *Deen*, 121 U. S. 525; *American Exp. Co.* v. *Mullins*, 212 U. S. 311). Error, if there was any, must be corrected by direct review (*Baltimore S. S. Co.* v. *Phillips*, 274 U. S. 316, 325).

What has been written applies to two of the actions before us, those designated in their titles as actions numbers 1 and 2, and also to action number 4 in so far as it contains the same denials and defenses. There is, however, in action number 4 a counterclaim for the reformation of the contract on allegations of mistake and fraud. A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when

the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first (*Cromwell* v. *County of Sac*, 94 U. S. 351; *Reich* v. *Cochran, supra*). It is not conclusive, however, to the same extent when the two causes of action are different, not in form only (*Baltimore S. S. Co.* v. *Phillips, supra*, p. 321), but in the rights and interests affected. The estoppel is limited in such circumstances to the point actually determined (*Cromwell* v. *County of Sac, supra*). The distinction, though elaborated with special emphasis in many judgments of the Supreme Court (*Cromwell* v. *County of Sac, supra; Davis* v. *Brown,* 94 U. S. 423; *Nesbit* v. *Riverside Independent District*, 144 U. S. 610, 614; *Troxell* v. *D., L. & W. R. R. Co.* 227 U. S. 434; *United Shoe Mach. Corp.* v. *U. S.*, 258 U. S. 451, 458; *Myers* v. *International Trust Co.*, 263 U. S. 64, 70; *Baltimore S. S. Co.* v. *Phillips, supra*), is not the doctrine of that court alone. Both in this State and elsewhere it is recognized as settled law (*Griffen* v. *Keese*, 187 N. Y. 454, 464; *Felix* v. *Devlin*, 50 App. Div. 331, 334; *Matter of Hoyt*, 160 N. Y. 607, 618; *Jacobson* v. *Miller*, 41 Mich. 90, 96; *Howlett* v. *Tarte*, 10 C. B. [N. S.] 813; *Independent Harv. Co.* v. *Tinsman*, 253 Fed. Rep. 935; *Tudor* v. *Kennett*, 87 Vt. 99, 103; *Arnold* v. *Norfolk & N. B. Hosiery Co.*, 63 Hun, 176).

Illustrations are many, but a few, specially apposite, may be selected from the mass. *Cromwell* v. *County of Sac* (*supra*) and *Nesbit* v. *Riverside Independent District* (*supra*) were cases where judgments were recovered on coupons attached to municipal bonds. The former judgments were disregarded in actions on other coupons wherein new defenses were set up. *Jacobson* v. *Miller* (*supra*) was an action on a lease to recover an installment of rent. The Supreme Court of Michigan held, in an opinion by COOLEY, J., that a judgment in an action for an earlier installment did not exclude a new defense, though it was available before. *Howlett* v. *Tarte* (*supra; approved in*

*Cromwell* v. *County of Sac, supra,* p. 357) was an action for rent under a building loan agreement. The ruling was that a former judgment for rent under the same agreement did not exclude a new defense that the agreement had been abrogated, though if abrogated at all, it was out of existence at the date of the earlier installment for which judgment had been rendered (cf. *Humphries* v. *Humphries,* 1910, 2 K. B. 531, and the note thereon by Spencer Bower, *Res Judicata,* p. 112). *Independent Harvester Co.* v. *Tinsman (supra)* was an action to set aside a contract on the ground of fraud. A note given under the same contract had previously been reduced to judgment. There was a holding that the judgment did not constitute a bar.

Cases in this court may seem upon a hasty reading to uphold a stricter rule. Analysis will show that the conflict is unreal. The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second. An estoppel is not avoided in such circumstances by mere differences of form between the one action and the other (*Baltimore S. S. Co.* v. *Phillips, supra; Southern Pacific Ry. Co.* v. *U. S.,* 168 U. S. 1, 49). Thus, in *Reich* v. *Cochran (supra)* an order in summary proceedings awarding possession to a landlord for nonpayment of rent was held to bar a suit in equity to declare the lease a mortgage and avoid it on the ground of usury. The relief decreed by the order, the award of possession to one adjudged to be a landlord, would have been nullified altogether, if the same person might thereafter have been declared to be no landlord, but a mortgagee, wrongfully in possession under an agreement void in its inception. So in *Blair* v. *Bartlett* (75 N. Y. 150) the same professional services were the subject of the two actions, the first by the physician to recover their value, in which action value was adjudged, and the second by the patient to recover damages on the ground that they were without

value and harmful (Cf. *Collins* v. *Bennett*, 46 N. Y. 490, and *Dunham* v. *Bower*, 77 N. Y. 76). Again, in *Steinbach* v. *Relief Fire Insurance Co.* (77 N. Y. 498) the holder of a fire policy sued upon it as it had been written, and then, when found by the court to have broken its conditions, brought suit to reform it and recover the same loss (Cf. *Tio* v. *Brown*, 131 Wis. 573). A different question would have been presented if the loss had been a later one.

We pass from this statement of the precedents to the case before the court. As often as an attempt is made to enforce the written contract according to its terms, the former judgment will be conclusive as to the meaning of those terms and their effect. It will not be conclusive upon the question whether the terms should be reformed, for no such issue has been litigated. Till now there has been neither counterclaim for reformation nor equitable defense (*Susquehanna Coal Co.* v. *Andersen & Co.*, 239 N. Y. 285). The buyers took the ground, when sued in another court, that the writing, fairly read, imposed a several liability. Instructed by the former judgment that their reading would be rejected, they take the ground today that the writing, if impressed with such a meaning, is the product of mistake. Nothing heretofore determined nor any right secured thereby is retracted or diminished. The writing with its execution stands admitted in meaning and effect as it has already been adjudicated, and equitable considerations are put forward to defeat the effort to enforce it (*Susquehanna Coal Co.* v. *Andersen & Co.*, *supra*). The cause of action being different, *i. e.*, for coal sold at other times and in response to other orders, the counterclaim must be tried before judgment may be rendered.

Other assignments of error argued in the briefs have been considered by the court, but are thought to be untenable.

The contract was not a guaranty, but a joint purchase, and on the plaintiff's side, at least, has now been fully executed. The plea of *ultra vires* is unavailing to defeat

it (*American Surety Co.* v. *Philippine Nat. Bank*, 245 N. Y. 116).

In actions numbers 1 and 2, the judgments should be affirmed with costs.

In action number 4, the judgment of the Appellate Division and that of the trial court should be reversed, and the motion denied, with costs in all courts.

POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.