JACOB BUDNITZKY, Appellant, *v.* K. ARAKELIAN, INC., Respondent, Impleaded with Others.

(Argued May 29, 1935; decided July 11, 1935.)

*Julius Hallheimer, William L. Brody* and *John Marx* for appellant. The plaintiff is not concluded by the judgment in the former action. (*Borgos* v. *Price,* 140 Misc. Rep. 287; *Griffen* v. *Keese,* 187 N. Y. 454; *Frenkel & Co.* v. *L' Urbaine Fire Ins. Co.,* 225 App. Div. 332; *Kessler* v. *Fligel,* 240 App. Div. 232; *Brooklyn Nat. Bank* v. *Werblow,* 235 App. Div. 625; *Fulton* v. *Viane,* 232 App. Div. 680; *Robinson* v. *N. Y., L. E. & W. R. R. Co.,* 64 Hun, 41; *Bell* v. *Merrifield,* 109 N. Y. 202; *Schuykill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.)

*Jesse Herbert Finkler* and *Frank I. Finkler* for respondent. The judgment in the California action is *res adjudicata* as to the present action. (*Southern Pacific R. R. Co.* v. *United States,* 168 U. S. 263; *Eissing Chemical Co.* v. *People's Nat. Bank,* 205 App. Div. 89; 237 N. Y. 532; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Pray* v. *Hegeman,* 98 N. Y. 351; *Baltimore S. S. Co.* v. *Phillips,* 274 U. S. 316; *Sielcken-Schwarz* v. *American Factors, Ltd.,* 265 N. Y. 239; *Craig* v. *Ward,* 36 Barb. 377; 3 Keyes, 387; *McTighue* v. *Arctic Ice Cream Supply Co.,* 20 Cal. App. 708.)

O'BRIEN, J. The question presented on this appeal is whether a California judgment entered in September, 1933, constitutes a bar to the action now pending in this State.

In May, 1929, in the Superior Court of California, Jacob Budnitzky, plaintiff in the present action, brought an action against K. Arakelian and Ben H. Arakelian who are two of the five defendants in this action. In his complaint he alleged a partnership by written agreement dated October 1, 1922, among himself and K.

Arakelian and Ben H. Arakelian and violation of that agreement during the two years immediately preceding May, 1929. For relief he demanded judgment dissolving the partnership and for an accounting. The answer admitted the agreement of October 1, 1922, but alleged that the partnership formed by that agreement was dissolved by mutual consent on December 5, 1927. The final judgment decreed that the partnership was terminated December 5, 1927, and that the defendants K. Arakelian and Ben H. Arakelian recover from plaintiff the sum of $34,409.

The complaint in this action, begun in New York October 25, 1932, names as parties defendant the two individuals who were defendants in the California action and, in addition, K. Arakelian, Inc., a corporation, as well as Diran Arakelian and Eddie K. Arakelian. Only the corporate defendant was served. The complaint alleges an agreement of a different date, October 31, 1922, and in two causes of action demands judgment for $1,500,000 for profits converted by defendants during the years 1927 and 1928.

The corporation and two of the individual defendants were not parties to the California action. Are the issues in the present action *res adjudicata?* The corporate defendant moved to dismiss the complaint on that ground and its motion was granted at Special Term and the order affirmed by a divided court at the Appellate Division.

Although two of the defendants are the same in both actions and privity exists between them and the others, the purposes and objectives of the two actions are dissimilar, the foundations are laid in agreements different in date and to some extent unlike in character and the issues sought to be litigated in the present action cannot be held to have been capable of full adjudication in the California suit. The transactions alleged to have arisen only during the years 1927 and 1928 from an agreement dated October 31, 1922, among five individuals and a

corporation were not within the scope of the issues relating to transactions alleged to have occurred from May, 1927, to May, 1929, arising from a written agreement of partnership dated October 1, 1922, among three individuals which the court decided was dissolved in December, 1927. We think, therefore, that the former judgment may not be held to be conclusive in respect to the issues in this action. The two actions have not such a measure of identity that a different judgment in the second will destroy or impair the rights or interests established by the first. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307.)

The judgment of the Appellate Division and that of the Special Term should be reversed and the motion to dismiss the complaint denied, with costs in all courts.

CRANE, Ch. J., HUBBS, CROUCH and LOUGHRAN, JJ., concur; LEHMAN, J., dissents; FINCH, J., not sitting.

Judgments reversed, etc.