gation on the part of the defendant nor right of the decedent to use the ladder. Davis, Adel and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm.

BARNETT GOLDBERG, Respondent, v. NATHAN BASCH, Appellant.— Action for damages for personal injuries claimed to have been suffered by plaintiff as a consequence of a protruding nail and loose nosing on a stairway in a building owned by the defendant. Judgment for the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.

CASPER GOTTDIENER, as Receiver in Supplementary Proceedings of BRADY CONCRETE CORPORATION, Respondent, v. FIRST TRUST COMPANY OF ALBANY, Appellant. (Appeal No. 1.) — In an action brought to recover a part of the proceeds of bond coupons delivered to defendant by the State Comptroller pursuant to an assignment made by a contractor for a public improvement, order granting plaintiff's motion for summary judgment, and judgment entered thereon, reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The issue of the bond interest was not litigated in the mechanics' lien action. The record shows that the receipt of the proceeds of the bond coupons by the bank was well known to the other parties in that action and it must, therefore, be assumed that such payment was taken into consideration in determining the amount awarded to the bank in the judgment. A judgment in favor of the bank in this action will not impair any right or interest established in the former action. Furthermore, the present action differs so materially from the other that if there can be any estoppel at all it must be limited strictly to what was actually decided in the former action. Judged by all these tests, the judgment in the former action is not an adjudication against the bank in this one. (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, at pp. 306–307.) To date the bank has received less than the amount of the original indebtedness with interest. The judgment in the former action provides that upon certain future contingencies the bank may apply at the foot thereof for the recovery of a further amount. If such further recovery would result in a duplication of payments already received, that situation may be considered by the court to which such possible future application may be made. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

CASPER GOTTDIENER, as Receiver in Supplementary Proceedings of BRADY CONCRETE CORPORATION, Respondent, v. FIRST TRUST COMPANY OF ALBANY, Appellant. (Appeal No. 2.)— Order denying defendant's motion to change the place of trial from Kings county to Albany county affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ, concur.

HUGH HASSON, Respondent, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Appellant.— Judgment reversed on the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate to reduce to $5,000 the amount of the verdict rendered in his favor; in which event the judgment, as so reduced, is unanimously affirmed, without costs. We are of the opinion that the damages awarded were excessive. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.