In the Matter of RIVER BRAND RICE MILLS, INC., Appellant, against LATROBE BREWING COMPANY, Respondent.

First Department, June 3, 1952.

*Milton Pollack* of counsel (*Irving K. Rubin* on the brief), for appellant.

*Maurice Smith* for respondent.

PECK, P. J. Petitioner was the seller and respondent the buyer under a contract containing the following provision for the determination of any controversy which might arise between them: " Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration * * *. Any demand for arbitration must be made within five days after tender."

A controversy arose, respondent claiming a breach of warranty in connection with a shipment made in June, 1950, which shipment was in the month of August, 1950, condemned in a proceeding in the Federal Court under the Pure Food and

Drug Act. In July, 1951, a year after the events giving rise to the claim, respondent served upon petitioner a demand for arbitration. Petitioner applied to the Supreme Court for a stay of arbitration on the ground that the demand for arbitration had not been made in time. The court granted the application and stayed all proceedings under the demand for arbitration, saying: " Contract required the demand for arbitration to be made within five days ' after tender '. Whatever meaning may reasonably be attributed to the word ' tender,' it is clear that the demand for arbitration was not made within five days after such ' tender.' "

No appeal was taken from the order staying arbitration, but thereafter and in the month of November, 1951, respondent commenced an action in the City Court to recover its alleged damages. That claim is identical with the claim set forth in the prior demand for arbitration. Petitioner thereupon applied to the Supreme Court for a stay of the City Court action, under section 1451 of the Civil Practice Act, on the ground that respondent's sole remedy under the contract was by way of arbitration and arbitration was barred by the time limitation of the contract and the order of Special Term staying arbitration. The motion was denied and the appeal to this court is from that denial.

In denying the motion for a stay, the court at Special Term held that section 1451 of the Civil Practice Act was not applicable because the issue in the action was not referable to arbitration. The court took the view that the issue was not referable to arbitration because the prior stay had made the remedy for arbitration unavailable. The court recognized that respondent's predicament was due to its failure to demand arbitration within the time prescribed by the contract, but held that petitioner's alternatives, when confronted with the belated demand for arbitration, was to allow the arbitration to proceed despite the late demand or, if it elected to take advantage of the lateness, to submit to any court action that might follow.

The questions on this appeal are whether the issue in the City Court action was referable to arbitration and consequently whether that action is subject to a stay under section 1451 of the Civil Practice Act; whether the time limitation of the contract upon a demand for arbitration was a limitation upon the assertion of any claim under the contract or left open an opportunity for a belated action at law; and whether the prior ruling of the court staying arbitration is an adjudication which forecloses any action at this time.

We think quite clearly that the issue in the City Court action was referable to arbitration under the contract and that the order appealed from may not be sustained upon reasoning that respondent's failure to avail itself of the right to arbitrate in time converted the issue from one referable to arbitration into one not referable to arbitration.

The ground upon which respondent supports the order appealed from is that the prior order staying arbitration was effective only to deprive respondent of the remedy of arbitration and the only consequence of respondent's nonfulfillment of the condition of its contract that demand for arbitration be made within five days after tender is loss of the remedy of arbitration. Perforce respondent takes the position that the contract neither limited the forum of controversy arising out of the contract to arbitration nor limited the time in which a claim under the contract could be made.

As respects the prior order staying arbitration, respondent states in its brief that petitioner's application for a stay was based on the ground that respondent failed to make demand for arbitration within the time limited in the arbitration clause, namely, '' within five days after tender '', and respondent there contended that the word '' tender '' was meaningless and not applicable to the claim sought to be arbitrated and that the demand for arbitration was timely. The same argument is repeated here, and we take it foreclosed by the prior decision.

In our view, the contract between the parties constituted arbitration as the sole method of resolving disputes that might arise out of the contract. Also, it was within the province of the parties to place a time limitation upon a demand for arbitration as the sole method of resolving their disputes, and the combination of providing for arbitration and placing a time limitation upon a demand for arbitration was a limitation upon the time for raising a controversy.

The only question that could be raised in this case, therefore, was the question which respondent raised on the motion to stay arbitration, namely, whether the time limitation of five days after tender within which to demand arbitration was relevant to this dispute. That question was determined by the prior order from which no appeal was taken.

Respondent does not contend that this question or its contentions in respect thereto were not resolved by that order. It is perfectly plain, both from respondent's statements in its brief on this appeal and by the order on the prior motion, that such question and contentions were passed upon.

It is too late and we are not called upon on this appeal to construe or determine the applicability of the five-day-after-tender clause. If there was any ambiguity in or question as to its applicability, it should have been determined, as it was determined, on the motion to stay arbitration. No appeal was taken from the order staying arbitration and it became the law of the case that the demand for arbitration was not timely made. As a consequence, respondent is barred from raising any claim under the contract and the order appealed from should be reversed, with $20 costs and disbursements to appellant and the motion granted.

VAN VOORHIS, J. (dissenting). Respondent has sued appellant for damages from breach of warranty upon a sale of rice. The sales memorandum stated: "Any controversy or claim arising out of or relating to this contract or the breach thereof, shall be settled by arbitration in New York, in accordance with the Rules, then obtaining, of the American Arbitration Association, and judgment upon the award rendered may be entered in the highest court of the forum, state or federal, having jurisdiction. Any demand for arbitration must be made within five days after tender."

Appellant, the vendor, has applied for a stay of the action by reason of the arbitration clause contained in the sales note. Respondent countered by disclosing that it had previously demanded arbitration, which had been permanently enjoined by a former order granted at the instance of appellant. The record fails to show the ground upon which the last-mentioned order was applied for or granted, but counsel for appellant admitted upon the argument that it was sought on the ground that respondent waived all claims for breach of warranty by failing to give notice of defects in the goods within five days after delivery was tendered, *and upon the ground that, even if the five-day clause did not bar as matter of law claims for breach of warranty in case of latent defects, such disputes must be resolved by action inasmuch as the remedy by arbitration could be resorted to only if demanded within five days.*

No appeal was taken from the previous order permanently staying arbitration. If that order decided the merits of the controversy, then it cannot be relitigated in an action, and it should permanently be laid at rest by staying the action as well as the arbitration proceedings. On the other hand, if the arbitration proceedings were stayed at the instance of appellant upon mere procedural grounds, on the theory that

the controversy should be adjudicated in an action in court instead of by arbitration, appellant cannot be heard now to contend that this action should be stayed on the theory that procedure by arbitration is exclusive.

It may well be that the intention of the sales memorandum was that all controversies arising thereunder should be arbitrated, regardless of when demand for arbitration were to be made, and that the five-day clause limited when notice of defects in the quality of the rice had to be given instead of the time for the commencement of arbitration proceedings. If that be the correct construction, then arbitration was intended to be the exclusive remedy, leaving it to the arbitrators to determine whether the five-day clause was reasonable if the defects were latent. In that event, if it had been granted upon that ground, the order permanently enjoining arbitration might be construed as a determination that the defects were patent, and that no arbitrable dispute existed by reason of respondent's failure to give the five-day notice.

We think that the order staying the arbitration is not *res judicata* of the merits of the controversy since the burden is on appellant to establish that it was granted on the merits (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304). Inasmuch as the order staying the arbitration was applied for by appellant upon a procedural ground, as well as upon the merits, and the order itself does not show on what basis it was granted, and may have been granted on the procedural ground, we must assume that it did not decide the merits. Consequently, Special Term correctly held that appellant waived procedure by arbitration by obtaining the stay, regardless of whether the memorandum of sale contained an arbitration clause providing for arbitration as the exclusive procedure.

The order appealed from should be affirmed, with $20 costs and printing disbursements to respondent.

COHN and HEFFERNAN, JJ., concur with PECK, P. J.; VAN VOORHIS, J., dissents and votes to affirm in opinion in which SHIENTAG, J., concurs.

Order reversed, with $20 costs and disbursements to appellant and the motion granted.