## (June 11, 1957)

SAVOY-ITHACA, INC., Respondent, v. J. REED COLBERT et al., Appellants.

VALENTE, J. (dissenting). In my view of this case the respondent had the opportunity to present in the Tompkins County proceedings, and indeed should have presented there, facts by way of an affirmative defense that would have put in issue the propriety of the entry of the order discharging the mortgage.

In that proceeding to cancel the mortgage pursuant to section 333-b of the Real Property Law appellant landlord herein alleged the execution of the lease, the deposit of security for faithful performance, the execution and delivery of a mortgage to secure the deposit and the provision for the return of the security and satisfaction of the mortgage in the event there was full compliance with the terms of the lease. There was also alleged the provision of the lease that in the event of a default by the respondent tenant, the security would be forfeited to the appellants and the respondent would satisfy the mortgage. In essence, appellants sought a cancellation of the mortgage predicated on the respondent's default under the terms of the lease and their emergent right to retain the deposit. Thus the respondent was afforded the opportunity to deny the appellants' right to retain the deposit because of the alleged conversion by appellants of the deposit (Real Property Law, § 233) and therefore oppose the granting of an order directing the cancellation of the mortgage.

Instead, the respondent appeared in that proceeding and in its answering affidavit set forth that the mortgage was given as security for the deposit, that the provision for satisfaction of the mortgage by the respondent applied upon repayment of the security and then urged that section 333-b of the Real Property Law was not applicable for reasons not pertinent here. The court in its opinion stated: "It therefore appears without contradiction, that according to the terms of both the lease and the mortgage, that the

mortgage has been paid." The order entered thereon directing the cancellation of the mortgage sets forth that the mortgage "is considered as paid in full". Parenthetically, upon the entry of such an order, the debt secured thereby is deemed cancelled. (Real Property Law, § 333-b, subd. 7.) Implicit in the court's opinion and the order is the finding that the appellants are entitled to keep the security.

The principle of res judicata properly applies and the respondent should not be permitted now to relitigate issues that were or should have been adjudicated in that proceeding. (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304.)

For the reasons assigned, the order appealed from should be reversed and the motion to dismiss the complaint granted.

Rabin, J. P., McNally and Bergan, JJ., concur in decision; Valente, J., dissents and votes to reverse and dismiss the complaint, in opinion.

Order affirmed, with $20 costs and disbursements to the respondent, without prejudice to a new application for change of venue on the ground of convenience of witnesses on proper papers.