REO GARMENT INC., Respondent, *v.* JASON CORPORATION, Appellant, et al., Defendant.

First Department, October 7, 1958.

*Caesar L. Pitassy* of counsel (*William F. Koegel* with him on the brief; *Royall, Koegel, Harris & Caskey,* attorneys), for appellant.

*Robert R. Kaufman* of counsel, for respondent.

*Per Curiam.* This is an action seeking rescission and a permanent injunction. Defendant, the Jason Corporation, herein called Jason, appeals from an order which granted the motion of plaintiff, Reo Garment, Inc., herein called Reo, for a temporary injunction staying an arbitration proceeding, and denied Jason's cross motions to dismiss the summons and complaint, and to vacate the service of the summons and complaint.

Heretofore Jason demanded arbitration in a dispute affecting the parties. At that time Reo moved, by special proceeding for a stay, contending that Jason in contracting as it did committed fraud and deceit. Mr. Justice LYNCH denied Reo's motion for a permanent stay. Subsequently an appeal by Reo was dismissed and a temporary stay granted by this court pending the appeal was vacated.

Thereafter Jason, a New Jersey corporation, sought to proceed with the arbitration and a hearing was scheduled for November 25, 1957. On November 22, 1957, Reo obtained a show cause order containing a temporary stay, which was served in New York on the attorney for Jason. The service was incomplete in that it did not contain a copy of the undertaking as directed. Moreover the reference to the " office of the attorneys for " Reo had been stricken from the order before it was signed.

Jason, purporting to appear specially, cross-moved to dismiss the complaint pursuant to rules 106, 107 of the Rules of Civil Practice. Later Jason cross-moved to vacate service of the order to show cause and to set aside service of the summons and complaint upon the grounds of improper service and that Jason, a foreign corporation, was not doing business in New York. The papers used in the prior proceedings before Mr. Justice LYNCH were submitted to the court by Jason.

Reo contends that such submission constituted an argument on the merits and amounted to a general appearance. Jason asserts that such papers merely demonstrate that the issues in the present proceeding had been adjudicated by Mr. Justice LYNCH.

In effect such submission raised the defense of *res judicata* and must be considered a defense on the merits. Accordingly

that branch of the order which denied the cross motion to vacate service of the summons and complaint is affirmed.

Jason asserts, *arguendo,* assuming its appearance constituted a general appearance, the decision of Mr. Justice Lynch, August 8, 1957, requires that the complaint be dismissed.

Reo, in opposition, contends that the causes of action differ materially in that rescission is sought in the present action, and different proofs will be required.

Examination of the papers used in the prior proceeding reveals that Reo raised the question there of fraud and misrepresentation in the inducement to enter the contract, and here such question is raised as a basis for rescission.

Mr. Justice Lynch passed upon the issue and at least inferentially upheld the validity of the contract and the obligation to arbitrate when he pointed out " no valid reason is advanced to warrant a stay of the arbitration proceeding."

There is not such difference here in the rights and interests affected that his determination is not conclusive. " A judgment in one action is conclusive in a later one not only as to matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ". (Cardozo, J., *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304, 306–307.)

The order appealed from should be modified, on the law, to the extent of granting Jason's cross motion to dismiss the complaint under rule 107 of the Rules of Civil Practice and to deny plaintiff's motion for an injunction *pendente lite,* deleting the third, fourth and fifth decretal paragraphs, and, as so modified, should be affirmed, with $20 costs and disbursements to the appellant. Judgment should be directed to be entered in favor of the defendant the Jason Corporation dismissing the complaint on the merits, with costs. The appeals taken from the two memorandum decisions filed January 6, 1958, incorrectly designated in the papers on appeal as orders, should be dismissed. Settle order.

Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ., concur.

Order unanimously modified, on the law, to the extent of granting Jason's cross motion to dismiss the complaint under rule 107 of the Rules of Civil Practice and to deny plaintiff's motion for an injunction *pendente lite,* deleting the third, fourth and fifth decretal paragraphs, and, as so modified, is affirmed,

with $20 costs and disbursements to the appellant. Judgment is directed to be entered in favor of the defendant the Jason Corporation dismissing the complaint on the merits, with costs. The appeals taken from the two memorandum decisions filed January 6, 1958, incorrectly designated in the papers on appeal as orders, are dismissed. Settle order.