■ IRVING BOYCE, Respondent, v. SAMUEL EIDELBERG et al., Appellants and GILBERT FRISCH et al., Respondents.— Appeal from a judgment entered after trial directing appellant Samuel Eidelberg to perform specifically a contract for the purchase and sale of real property and permanently enjoining appellant Anna Eidelberg from claiming any interest in the subject property, from proceeding in an action instituted by her against her husband, the appellant Samuel Eidelberg, to declare her interest in the property, or from instituting any other action for that relief. Judgment affirmed, with costs. No opinion. Wenzel, Beldock, Murphy and Ughetta, JJ., concur; Nolan, P. J., dissents and votes to modify the judgment by striking therefrom the references to appellant Anna Eidelberg and by substituting therefor a provision dismissing the complaint as to her, and as so modified, to affirm the judgment, with the following memorandum: This action for specific

performance and for other relief insofar as it affects appellants was brought against Samuel Eidelberg, the record owner of the real property involved, and Anna Eidelberg, his wife, who had commenced an independent action against him for a judgment declaring that he holds title to the real property in trust for her and directing that he convey it to her. As against Anna Eidelberg, the complaint realleged all the facts asserted against her husband in support of the cause of action against him, seeking specific performance of a contract providing for the sale of the property by him, as owner, and in addition alleged that the claim of ownership by Anna Eidelberg and her action against her husband were part of a fraudulent conspiracy to deprive the respondent Boyce of his rights under the contract, that as a result thereof the respondent Boyce had been wrongfully deprived of his title to the premises and the full enjoyment thereof, and otherwise damaged in the sum of $25,000. Neither Samuel nor Anna Eidelberg, in answering the complaint, asserted that Anna was the actual owner of the property. Samuel asserted that Anna had made such a claim, also alleging that he was the owner, and Anna merely alleged that she had commenced the action against her husband, and that the respondent Boyce had been given notice thereof. On the trial, there was no direct evidence of a fraudulent conspiracy between appellants and the respondents Frisch and no evidence whatever that Anna Eidelberg had notice of the negotiations for the sale of the property before the contract had been executed between Samuel and the respondents Frisch, who assigned the contract to the respondent Boyce. It was established that Samuel had record title, however, and that he had dealt with the property as his own. No evidence was adduced which required a finding by the learned trial court that Samuel held the property in trust for Anna and had contracted to sell it without her knowledge and consent. Such proof, if adduced, would have required a denial of relief to the respondent Boyce by way of specific performance, since a court of equity would not require a trustee to complete the commission of a breach of his trust (see Restatement, Trusts, §§ 286, 310). In the absence of such proof, the trial court properly directed judgment of specific performance. Judgment was also granted, however, permanently enjoining Anna Eidelberg from claiming any interest in the property adverse to the respondent Boyce and from taking any further proceedings in the action which she had commenced against her husband. No evidence had been adduced against Anna Eidelberg sufficient to justify the granting of such relief against her. Although her failure to adduce proof as to her interest in the real property justified the granting of the decree of specific performance against her husband, and that decree should be conclusive against any future claim which she may make against the property and which she could have litigated in this action (cf. *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 306, 307), she was not required to defend herself from the charges of fraud made against her, in the absence of proof in support of them, and she should be free at least to continue her action against her husband for such relief as she may be entitled to against him by way of an accounting or otherwise.