■ ROBERT A. BEHREN et al., Appellants, v. WILLIAM S. PAPWORTH et al., Respondents.—

Concur—
Stevens, P. J., Nunez and Steuer, JJ.; Eager, J., dissents in part in the following memorandum: I concur in the determination of the majority except insofar as it dismisses the second cause of action upon the ground that the same is barred by the prior adjudication in the proceedings brought by plaintiffs under section 619 of the Business Corporation Law to vacate the election of the individual defendant as sole director and officer of the defendant corporation. The second cause of action is grounded upon an alleged agreement by the individual defendant to cause to be issued and to deliver to the plaintiffs shares of stock of the defendant corporation. As a cause of action to recover damages resulting from a breach of such agreement, it is not barred by the findings of the court, in support of the prior adjudication, that the plaintiffs "are not shareholders [of the corporation] and cannot claim status or rights as such". The dismissal of the prior proceeding and the essential findings supporting the same are *res judicata* merely as to those issues which were there decided between the parties. (*Ripley* v. *Storer*, 309 N. Y. 506, 512; *Zabriskie* v. *Zoloto*, 22 A D 2d 620.) However, inasmuch as the causes of action involved in the two proceedings are different, "The estoppel is limited in such circumstances to the point actually determined" (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307). The inquiry, therefore, is, whether the issue before the court here was actually decided and determined by the prior adjudication. And, in this connection, certainty as to the precise points adjudicated is of the essence of the estoppel. (See *City Bank Farmers Trust* v. *Macfadden*, 13 A D 2d 395, 400, affd. 12 N Y 2d 1035.) The prior proceed-

ing to set aside the election of a corporate director and officer presented the question of whether the plaintiffs had standing as shareholders to maintain the proceeding. Here, the plaintiffs are not asserting the rights of aggrieved shareholders, as in such proceeding, but rather rights arising out of an alleged joint venturer's agreement for the issuance of shares of stock to represent the respective interests in the venture. The dismissal of the prior proceeding was not based upon a finding that the individual defendant had not agreed to cause to be issued and to deliver to the plaintiffs shares of stock in the subject corporation. Although implicit in the dismissal is a determination that the agreement by the individual defendant, if it existed, was not binding on the corporation, the question of whether the alleged agreement was binding on the individual defendant was not actually litigated nor determined thereby.