■ DOROTHY L. MORGAN et al., as Executors of BENJAMIN S. MORGAN, JR., Deceased, Appellants-Respondents, v TOWN OF NORTH HEMPSTEAD et al., Respondents, and COUNTY OF NASSAU, Respondent-Appellant.—In an action, *inter alia,* to declare that Benjamin S. Morgan, Jr., is an upland owner of real property lying along the shore of Manhasset Bay and that, pursuant to his right of access to deep water, he may lawfully construct a wharf or pier upon the foreshore and land under the waters

of Manhasset Bay in front of his premises, (1) plaintiffs (executors of the estate of Benjamin S. Morgan, Jr.) appeal from so much of an order of the Supreme Court, Nassau County, dated May 1, 1980, as, upon reargument, dismissed the first and third causes of action against the Town of North Hempstead on the ground of collateral estoppel, and (2) the County of Nassau appeals, as limited by its brief, from so much of an order of the same court, dated December 3, 1979, as denied its motion to dismiss the causes of action against it on the same ground. Orders affirmed insofar as appealed from, without costs or disbursements. In this action, commenced by Benjamin S. Morgan, Jr. (hereinafter plaintiff), he seeks a declaration that, *inter alia,* he is an "upland owner of real property lying along the shore of Manhasset Bay"; that he is possessed of "the riparian right of access to the navigable waters of Manhasset Bay in front of his premises for the purpose of commerce and navigation"; and that he may lawfully construct a wharf or pier upon the foreshore and land under the waters of Manhasset Bay. He further seeks to be awarded sole and complete possession of the wharf or pier. As against the defendant County of Nassau, plaintiff seeks a declaration that he, rather than the county, owns a described section of property upon which the county maintains a paved road. Plaintiff's rights with respect to the wharf or pier were determined in a prior action, viz., *Arnold's Inn v Morgan* (63 Misc 2d 279, mod 35 AD2d 987), and plaintiff is barred from relitigating those issues. In that action Morgan (then a defendant, now the plaintiff) resisted the claim of Arnold's Inn and the cross claim of the town that he should be enjoined from maintaining the earth-filled wharf or pier by asserting that "creation, maintenance and exclusive use of the filled-in area is a lawful exercise of his riparian rights" *(supra,* p 281). Thus, in both the present and prior actions Morgan's contention is (and was) that he has riparian rights which entitled him to maintain the wharf or pier as his exclusive property. The prior judgment decreed that Morgan had no rights in the pier or wharf. In its decision in *Arnold's Inn,* the Trial Justice (pp 283-284) distinguished between the rights of the owner of the foreshore (the land lying between the high- and low-water marks of navigable waters) and the rights of the "riparian owner, the owner of upland fronting on navigable tidal waters." The trial court held that Arnold's Inn was a riparian owner and assumed, *arguendo,* that Morgan had the same status, although the court noted (p 284) that a 30-foot county road separated Morgan's plot from the bulkhead marking the high-water line. Although the trial court declined to adjudicate the question of legal title to the 30-foot strip because the county was not a party to the action, for the purposes of resolving the question of Morgan's claim to the wharf or pier, the trial court treated Morgan as though he were, in fact, the owner of the 30 feet and thus an owner of upland fronting on navigable tidal waters. Upon that assumption, the court held (p 284) that Morgan's riparian rights entitled him to "reasonable, safe and convenient access to the water for navigation, fishing or similar purposes [citations omitted]", but that nothing that Morgan had done "in terms of filling and building upon the fill, [was] a lawful exercise of his own riparian rights." This court affirmed the trial court's decision on these issues. The prior judgment therefore disposed of Morgan's present claim that he is entitled to construct a wharf or pier upon the foreshore and land under the waters of Manhasset Bay in front of his premises. The trial court in *Arnold's Inn* determined that

Morgan had no rights to the pier or wharf. His rights as an upland owner—to "reasonable, safe and convenient access to the water"—were also determined. Plaintiff's present action against the town is, therefore, barred under the doctrine of collateral estoppel (see *Schuylkill Fuel Corp. v Nieberg Realty Corp.*, 250 NY 304). We turn now to the county's appeal. The decision in *Arnold's Inn* (p 286) makes explicit that, inasmuch as the county was not a party in that action, the court would not adjudicate title to the strip of land which lay between Morgan's triangular plot and the bulkhead and which the county maintained as a road. That issue (plaintiff's present second cause of action) has not, therefore, been determined and, as Special Term held, the matter may continue to trial. Lazer, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.