GEOFFREY C. BEAUMONT et al., Plaintiffs, v AMERICAN CAN COMPANY et al., Defendants.

Supreme Court, New York County, September 20, 1988

## APPEARANCES OF COUNSEL

*Dewey, Ballantine, Bushby, Palmer & Wood (Ann Reed* of counsel), for American Can Company, defendant. *Shea & Gould (Michael Lesch* and *George Nelson* of counsel), for Gerald Tsai, Jr., and others, defendants. *Mordecai Rosenfeld, P. C.,* for Geoffrey C. Beaumont, plaintiff. *Garwin, Bronzaft, Gerstein & Fisher (Bertram Bronzaft* of counsel), for Stephen A. Kraner, plaintiff. *Kaplan, Kilsheimer & Foley (Richard J. Kilsheimer* of counsel), for Adele Slutsky, plaintiff.

## OPINION OF THE COURT

HERMAN CAHN, J.

This is a motion by the individual defendants to dismiss the complaint on the grounds that: (1) the first cause of action fails to state a cause of action (CPLR 3211 [a] [7]); (2) the second cause of action is barred by res judicata (CPLR 3211 [a] [5]); (3) both causes of action are barred because plaintiffs' exclusive remedy was appraisal under Business Corporation Law § 623.

Defendant American Can Company (American) cross-moves for the same relief.

Plaintiffs in this class action are former shareholders of Associated Madison Companies Inc. (Associated). The individual defendants are former directors and officers of Associated. On April 8, 1982 Associated merged into defendant American. Plaintiffs and the class they represent received less for their shares than other shareholders.

The complaint herein asserts two causes of action: (1) violation of section 501 (c) of the Business Corporation Law by paying one group of shareholders $15 per share while paying the plaintiff class, shareholders of the same class, $12.61 per share; (2) breach of fiduciary duties owed by the individual defendants to the plaintiffs.

### BACKGROUND

On October 27, 1981 American and Associated reached a preliminary understanding (memorandum of intent) for a proposed merger. Under the memorandum of intent holders of up to 49% of the shares of Associated common stock would receive $15 in cash for each of their shares and the remaining 51% would receive shares of American common stock worth $15 for each Associated share. The memorandum of intent acknowledged that American was considering purchasing Associated shares on the open market or by other means prior to the merger. American subsequently purchased approximately 34% of the outstanding Associated stock from five institutional investors. American also engaged in a tender offer for its own stock to insure that it would have sufficient stock to exchange for Associated shares in the merger. All necessary SEC approvals were obtained. On January 2, 1982 the merger terms were amended and set forth in a joint press release issued by American and Associated. The amendment provided that Associated shareholders who elected to receive stock

would receive .4545 shares of American stock per Associated share rather than $15 worth of American stock. Associated shareholders were advised of this as well as the premerger purchases, the self-tender and the merger terms by a proxy statement—prospectus mailed in February 1982.

As a practical matter, the shareholders "election" was illusory because American's previous purchases of Associated stock had so reduced its available cash that only 8% to 12% of the remaining Associated shareholders would be able to receive cash.

Plaintiffs specifically state that they are not challenging the 49% to 51% ratio established by the memorandum of intent; rather, they argue, "all shareholders were required * * * to have the very same access to the cash pool."

The merger was consummated on April 8, 1982. Approximately 9% of the remaining Associated shareholders received $15 in cash per share. The remaining shareholders (plaintiff class) were left with American Stock worth $12.61 per share.

### THE FEDERAL ACTION

Plaintiffs first commenced a class action against the defendants herein, in the United States District Court for the Southern District of New York in May 1982, to recover the difference of $2.39 per share. The Federal complaint asserted five causes of action: (1) That defendants breached provisions of the memorandum of intent under which plaintiffs had rights as third-party beneficiaries; (2) and (3) that the proxy statement was in violation of certain Federal laws; (4) that defendants failed to follow tender offer procedures in violation of Federal law and (5) that the merger between Associated and American violated section 501 (c) of the Business Corporation Law. Plaintiffs moved and defendants cross-moved for summary judgment. The District Court granted defendants' motion and dismissed all of the causes of action with prejudice except for the fifth, pleaded under Business Corporation Law § 501 (c) which it dismissed for lack of pendent jurisdiction. *(Beaumont v American Can Co.,* 621 F Supp 484 [SD NY 1985], *affd* 797 F2d 79.)

### THE WITHIN ACTION

Plaintiffs have now turned to this court and brought the within action, which has already been decided above.

Defendants argue that the first cause of action fails to state

a cause of action, because section 501 (c) of the Business Corporation Law is not relevant here.

At the outset, the court notes that in deciding a motion made pursuant to CPLR 3211, it must assume the truth of the allegations of the complaint, with plaintiff given the benefit of every favorable inference. *(O'Henry's Film Works v Nabisco,* 112 AD2d 825 [1st Dept 1985].)

Section 501 (c) of the Business Corporation Law mandates that "each share shall be equal to every other share of the same class." The section has been interpreted to require equality among shares "in all respects". *(Fe Bland v Two Trees Mgt. Co.,* 66 NY2d 556, 569.) To pay more for one share of stock than for another, upon redemption, would certainly be an impermissible inequality among shares. The argument is made, that the inequality referred to by the section relates solely to unequal treatment in the certificate of incorporation or bylaws. However, were the court to limit the section in that way, it would effectively deny shareholders who were treated unequally a remedy when the certificate of incorporation was silent. By that, the court means that even if the certificate and bylaws contain no affirmative requirement of equal treatment, section 501 (c) of the Business Corporation Law does, and controls.

An unequal price paid for similar shares, by third parties, is not in itself violative of the section. Put another way, the section proscribes corporate action which treats shares of the same class unequally; it does not proscribe actions of third parties. Indeed, neither a controlling shareholder nor a director owes a duty to secure the same price for all shareholders on a sale. *(Zetlin v Hanson Holdings,* 48 NY2d 684 [1979].) *Twenty Seven Trust v Realty Growth Investors* (533 F Supp 1028 [D Md 1982]), which interpreted a similar Maryland statute, is not analogous, since the distribution objected to therein was found to be very analogous to dividends, i.e., to a corporate distribution.

In the instant case, no corporate action of Associated is alleged. Therefore, plaintiff class has not stated a cause of action under section 501 (c) of the Business Corporation Law, and the motion to dismiss the first cause of action must be granted.

Defendants next argue that the second cause of action for

breach of fiduciary duty is barred by res judicata because it was impliedly adjudicated in the Federal action and could have been brought in that action. The court agrees. *(See, Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304.)

In view of the above, the court has not considered defendants' other contentions.