**George HADGES, Plaintiff,**

v.

**Richard CORBISIERO, as Chairman of the New York State Racing & Wagering Board, Defendants.**

**No. 89 Civ. 2012 (GLG).**

United States District Court, S.D. New York.

April 20, 1989.

On Motion to Reargue May 16, 1989.

Robert A. Schutzman, Bellerose, N.Y., for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y. (Barbara B. Butler, of counsel), New York City, for defendants.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Plaintiff is a New York-licensed owner-trainer-driver of harness-racing horses. On October 9, 1986, he was assigned the number two horse in the eighth race at Roosevelt Raceway. While warming up his horse in the paddock prior to the race's start, plaintiff (and the other drivers) was being observed by two of the track's detectives who were assigned to watch for illegal signalling of race information. One of the detectives heard plaintiff yell, "Get the seven," to an unidentified patron standing at the public rail. The detectives gave chase after the patron, but that individual was never apprehended. The number seven horse won the eighth race.

Plaintiff subsequently was charged with a violation for "conduct detrimental to the best interests of racing" under Rule 4119.-9(a) of the rules for the defendant Racing and Wagering Board ("RAWB"). Plaintiff was asked to show cause at an October 30 hearing before an RAWB hearing officer why his license should not be suspended or revoked pursuant to N.Y.Rac.Pari–Mut. Wag. & Breed.Law § 309(2)(e). Prior to the hearing, plaintiff sought discovery, and his request was denied. Plaintiff then initiated an Article 78 proceeding asking (i) that Rule 4119.9(a) be declared unconstitutional on its face and as applied (void for vagueness), (ii) that the notice of hearing be vacated, and (iii) that the charges be dismissed or, in the alternative, that the RAWB be compelled to comply with plaintiff's discovery request. That petition was dismissed. *Hadges v. Corbisiero*, No.

25606/86 (Sup.Ct. June 3, 1987) ("*Article 78 I* ").

The RAWB, based on the hearing officer's recommendations, issued its findings and order on November 9, 1987. Six witnesses, including the two detectives and plaintiff himself, testified before the hearing officer. The RAWB found that plaintiff did say, "Get the seven," that it was plaintiff's intention to pass along wagering information, and that plaintiff's actions "not only called into question the integrity of that race, but also seriously impaired the appearance of integrity of harness racing." As a result, the RAWB suspended plaintiff's license for six months. Plaintiff appealed that determination via a second Article 78 proceeding, and the RAWB's actions were affirmed. *Hadges v. Corbisiero,* 145 A.D.2d 997, 535 N.Y.S.2d 509 (1st Dep't 1988). Plaintiff began serving his suspension on January 5 of this year.

On March 24, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging (1) that Rule 4119.9(a) is unconstitutionally vague as it was applied in this case, and (2) that the RAWB's hearing process violates the Due Process Clause of the Fourteenth Amendment. Plaintiff promptly moved by order to show cause for a preliminary injunction staying further enforcement of plaintiff's six-month suspension. *See Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.,* 596 F.2d 70, 72 (2d Cir.1979) (per curiam) (preliminary injunction to be granted if movant demonstrates irreparable harm plus likelihood of success on merits or serious questions going to merits with hardships tipping in movant's favor).

Given the nature of plaintiff's business, irreparable harm may virtually be presumed in this case. Plaintiff, however, cannot demonstrate a likelihood of success on the merits.

■ The as-applied, vagueness challenge was part of plaintiff's first Article 78 petition, and it was rejected by the court. *Article 78 I,* slip op. at 6–7. That determination is likely res judicata, and likely controls here. *See Migra v. Warren City School Dist. Bd. of Edu.,* 465 U.S. 75, 81–83, 104 S.Ct. 892, 896–97, 79 L.Ed.2d 56

(1984) (claims litigated in state proceeding given same preclusive effect in subsequent § 1983 action as they would be given in subsequent state proceeding under state law); *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.,* 250 N.Y. 304, 306–07, 165 N.E. 456 (1929) (doctrine of res judicata recognized in New York). We add only that the merits of this claim, even if they could be reached, are decidedly weak. Plaintiff's counsel argues that even if plaintiff passed wagering information, "without evidence that he had bet against himself, there is no basis for punishing him." Plaintiff's Memorandum at 7. We are sure that plaintiff, as an experienced horseman, needs no clarification of Rule 4119.9(a), though this assertion by counsel suggests such a need. Had there been sufficient evidence to prove that plaintiff had bet against himself, he likely would have been banished from the sport for life. That it could only be determined that plaintiff passed wagering information to an unidentified patron, however, does not mean plaintiff is "innocent," as counsel misapprehends; plaintiff is still guilty of conduct denigrating the integrity of the sport, albeit (fortunately for plaintiff) conduct the RAWB apparently considers less egregious than that of betting against oneself in a race. Surely plaintiff comprehends this reasonable and, we think, constitutional application of Rule 4119.9(a).

■ As to the due process challenge, the earlier Article 78 proceedings do not necessarily bar litigation of that issue now. *See Lombard v. Board of Edu.,* 502 F.2d 631, 636 (2d Cir.1974) (no bar when failed to raise procedural due process challenge in underlying state proceedings since asserting that claim in the very administrative process being challenged would be futile). Regardless, the upshot of plaintiff's argument is that because RAWB employees alternatively serve as investigators and adjudicators, a bias is manifest that fatally taints the RAWB hearing procedure. Certainly, plaintiff is entitled as a matter of due process to a fair and impartial hearing. *Withrow v. Larkin,* 421 U.S. 35, 46–47, 95 S.Ct. 1456, 1463–64, 43 L.Ed.2d 712 (1975).

It has never been held, however, that an agency is under a constitutional obligation to retain independent administrative law judges to render agency adjudications fair and impartial—the course plaintiff suggests here. As the Supreme Court flatly has stated, there is "no support for the bald proposition ... that agency members who participate in an investigation are disqualified from adjudicating." *Id.* at 52, 95 S.Ct. at 1467. *See also Richardson v. Perales*, 402 U.S. 389, 410, 91 S.Ct. 1420, 1431, 28 L.Ed.2d 842 (1971) (rejecting due process challenge to system in which Social Security examiners develop facts and render decisions on disability claims).

The Supreme Court has made clear that something more than the duality of the review system must be presented to overcome the "presumption of [administrative] honesty and integrity." *Withrow*, 421 U.S. at 47, 95 S.Ct. at 1464. No such evidence is suggested here. Plaintiff's reliance on *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) to demonstrate the "something more" is misplaced. In *Berryhill*, the hearing officers—practicing optometrists—were reviewing the possible revocation of licenses possessed by nearly one-half of the State's practicing optometrists. The hearing officers, thus, were economic competitors of those charged, and it was found that "success in the Board's efforts would possibly redound to the personal benefit of members of the Board." *Id.* at 578, 93 S.Ct. at 1698. Here, RAWB hearing officers are paid a set salary pegged in no way to the outcome of the plaintiff's or anyone else's hearing. *Berryhill* is clearly distinguishable. Further, the simple fact that it is the RAWB which pays the salary of hearing officers does not, in itself, impermissibly infect the process, as counsel suggests. No case standing for that proposition is cited. We comprehend no good reason for initiating such a rule, which would require the revision of a plethora of federal and state administrative review processes.

Therefore, even if we assume that the hardships here tip decidedly in plaintiff's favor, the law on this subject seems so clear that we do not believe a serious question going to the merits is presented.

Consequently, under either prong of the *Jackson Dairy* standard, we find that plaintiff is not entitled to preliminary injunctive relief. The order to show cause, therefore, is denied.

SO ORDERED.

### ON MOTION TO REARGUE

Plaintiff moves pursuant to S.D.N.Y. R.Civ.P. 3(j) to reargue our decision of April 20, in which we denied plaintiff's request for a preliminary injunction. The motion is denied.

Plaintiff largely reemphasizes that hearing officers serve at the pleasure of the Racing and Wagering Board ("RAWB"), are paid by the RAWB, and interchange between investigative and judicial roles, factors which in plaintiff's mind combine to render the hearing procedure in this case violative of due process. Plaintiff, however, continues to misapprehend the true import of *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).

The *Withrow* Court held, in the context of a motion for preliminary relief, that a scheme allowing a review board to conduct both the investigative *and* disciplinary review in license-suspension cases was unlikely to be found in violation of due process. *Id.* at 46–55, 95 S.Ct. at 1463–68. If, under *Withrow*, the very same board can conduct both the investigative and disciplinary review in a single case, then it follows, *ipso facto*, that RAWB employees may alternatively serve as investigators and adjudicators in separate proceedings. Likewise, quite obviously, if the very same review board in *Withrow* could serve as both investigator and adjudicator without unconstitutionally tainting the proceedings, the fact that the RAWB paid the salary of the investigative hearing officer in this case does not ineluctably lead to the conclusion that the proceedings here ran afoul of due process, particularly when it was not the hearing officer who meted our discipline in this case. *See id.* at 54 n. 20, 95 S.Ct. at 1468 n. 20 (noting agency employees, presumably paid by and serving at the

pleasure of the agency, conducted the actual investigation and gathering of evidence in *Withrow*).

We return, therefore, to the premise of our April 20 decision: "something more than the duality of the review system must be presented to overcome the 'presumption of [administrative] honesty and integrity.'" *Hadges v. Corbisiero*, No. 89 Civ. 2012, slip op. at 5 (S.D.N.Y. Apr. 20, 1989) (mem. decision) (quoting *Withrow*, 421 U.S. at 47, 95 S.Ct. at 1464). *See also Withrow*, 421 U.S. at 47, 95 S.Ct. at 1464 (noting probability of "actual bias" may be unconstitutionally high in some cases, such as "those in which the adjudicator has a pecuniary interest in the outcome and in which he has been the target of personal abuse or criticism from the party before him") (footnotes omitted). Nothing like that was submitted to the court on the original order to show cause.

Plaintiff now suggests he is aware of evidence that demonstrates some sort of impropriety in his case:

> As this Court noted, only one of the security [personnel] testified that he heard your deponent say, "Get the seven." The reason is that the second security officer learned he had a close mutual friend, that was a close friend to your deponent. He told the latter that your deponent never made such statement and that he would not so testify.

Hadges Aff. at 4 (May 2, 1989). The substantive and sinister meanings plaintiff attaches to this statement are not entirely clear to the court. We note the following, however. If plaintiff has evidence that one or both of the security personnel involved in this case lied or otherwise acted in a manner as to taint the process, such information certainly would be relevant to the issue of plaintiff's innocence. As a factual matter, however, it should have been raised in the underlying administrative proceeding, and if plaintiff knew of this information while the administrative proceeding was pending, he may be precluded from raising it now. If he did not possess this information at the time, then his likely remedy is some sort of motion to reopen his case before the RAWB or the New York courts based on newly discovered evidence.

Assuming that can't be done and such evidence supports a constitutional claim herein asserted that is not otherwise barred, plaintiff's averments fall far short of any requisite showing. Not only is the sinister meaning plaintiff apparently infers not clear, but the inclusion of self-serving hearsay in plaintiff's affidavit does not justify issuance of a preliminary injunction. These statements need to be clarified and supported by sworn, admissable evidence, which has not been presented to the court. We appreciate, as plaintiff points out, our authority to hold an evidentiary hearing on a request for a preliminary injunction, but nothing in the form of an affidavit or documentary evidence has been presented to the court which would justify that course.

Plaintiff's reliance on *In re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968) also is unavailing. In *Ruffalo*, the charge resulting in petitioner's disbarment was not among the original charges asserted; indeed, it was not raised until *after* petitioner had testified in his own defense at the disciplinary hearing. *Id.* at 549, 88 S.Ct. at 1225. That situation is patently and completely inapposite to that presenting itself here.

Finally, plaintiff contends that "[u]nless your deponent is given an evidentiary hearing, he will have no opportunity to prove that the hearing system of the [RAWB] is not independent and there is no opportunity for an innocent licensee to vindicate himself." Hadges Aff. at 5 (May 2, 1989). This simply is not so. Although plaintiff has provided the court with nothing that would justify an evidentiary hearing on his motion for a preliminary injunction, we have not decided the merits of this case (although, based on the information before us, we obviously view them as weak). In that vein, the court appreciates that plaintiff currently is serving his penalty, but we are prepared to move forward as soon as motion practice is terminated and discovery is completed.

For all these reasons, plaintiff's motion to reargue is denied.

SO ORDERED.