Medical Supply of NY Corp. v Nationwide Ins. Co. (2022 NY Slip Op
51253(U))

[*1]

Medical Supply of NY Corp. v Nationwide Ins. Co.

2022 NY Slip Op 51253(U) [77 Misc 3d 133(A)]

Decided on December 2, 2022

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 2, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT,
CHEREÉ A. BUGGS, JJ

2022-97 K C

Medical Supply of NY Corp., as
Assignee of Joseph Chatman, Respondent,
against
Nationwide Ins. Co., Appellant. 

Hollander Legal Group, P.C. (Allan S. Hollander of counsel), for appellant.
Kopelevich & Feldsherova, P.C. (David Landfair of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County
(Sandra E. Roper, J.), dated January 18, 2022. The order denied defendant's motion for,
in effect, summary judgment dismissing the complaint.

ORDERED that the order is reversed, with $30 costs, and defendant's motion for, in
effect, summary judgment dismissing the complaint is granted.
Plaintiff (Medical Supply) commenced this action to recover assigned first-party
no-fault benefits, under claim number 757285-GH, for medical services that it had
provided to its assignor as a result of injuries which, the complaint stated, had been
sustained in an automobile accident on August 24, 2018. After Medical Supply
commenced this action, defendant (Nationwide) answered and, separately, commenced a
declaratory judgment action in the Supreme Court, Onondaga County, against Medical
Supply, alleging that Nationwide had no duty to pay no-fault benefits to Medical Supply
under claim number 757285-GH with respect to an accident which had occurred on
August 22, 2018. In an order entered on March 9, 2020, the Supreme Court, upon
Medical Supply's default in appearance in the action, granted an unopposed motion by
Nationwide for summary judgment, declaring that Nationwide was not obligated to
provide coverage or reimbursements for any and all no-fault related services submitted
by [*2]Medical Supply under claim number 757285-GH,
with date of loss August 22, 2018.
Nationwide, thereafter, moved in the Civil Court for, in effect, summary judgment
dismissing the complaint on the ground that the instant action is barred by virtue of the
order in the declaratory judgment action. The Civil Court, in an order entered on January
18, 2022, denied Nationwide's motion, finding that an issue of fact exists as to when the
accident occurred. 
Res judicata, or claim preclusion, is invoked when a party seeks to relitigate a
disposition on the merits of claims, or causes of action, arising out of the same
transaction or series of transactions which were raised or could have been raised in a
prior proceeding between the same parties or those in privity (see Matter of
Hunter, 4 NY3d 260, 269 [2005]; Schuylkill Fuel Corp. v Nieberg Realty
Corp., 250 NY 304 [1929]; see also Watts v Swiss Bank Corp., 27 NY2d 270
[1970]). 
Nationwide established, prima facie, that Medical Supply sought in this action to
recover for medical supplies furnished to its assignor as a result of injuries allegedly
sustained by its assignor in the August 22, 2018 accident that was the subject of the
Supreme Court declaratory judgment action. All of the documentary evidence created by
persons with personal knowledge of the accident alleged that the accident occurred on
August 22, 2018. Medical Supply's only evidence that the accident occurred on August
24, 2018 was the allegation in its own complaint, which was not based upon personal
knowledge and which contradicts the documents created and executed by the assignor
himself, the assignor's counsel's letter of representation, and the police accident report.
Therefore, Medical Supply's opposition was wholly insufficient to rebut Nationwide's
prima facie showing. Consequently, the instant action is barred by res judicata.
Accordingly, the order is reversed and defendant's motion for, in effect, summary
judgment dismissing the complaint is granted.
ALIOTTA, P.J., TOUSSAINT and BUGGS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 2, 2022