Francis X. Conlon, J.
These three consolidated actions have been instituted by a broker for the recovery of commissions or of damage occasioned by conspiratorial tort.
Action No. 1 is asserted against the buyers and sellers and contains five causes of action. Action No. 2 is against a non-contracting party, and Action No. 3 is also asserted against an additional noncontracting party.
The defendants in Actions No. 2 and No. 3 move for dismissal of the complaints in those actions, for legal insufficiency; the defendant sellers in Action No. 1 move for dismissal, for legal insufficiency of the fifth cause of action contained in the complaint in that action, and, by further separate motion, the defendant sellers move for dismissal for legal insufficiency of the fifth cause of action and for a further order striking out the fifth cause of action pursuant to rule 103 of the Rules of Civil Practice.
In the fifth cause of action it is alleged that the defendant owners engaged the plaintiff to negotiate with proposed buyers for the sale of the subject property, and, further, that the defendant buyers employed the plaintiff to negotiate with the owners for the purchase of the subject property, it being understood and agreed by all the defendants that the plaintiff had been engaged by the buyer to purchase and by the owner to sell, and that plaintiff would earn and be paid the usual and customary real estate brokerage commissions if and when the buyers and sellers came to an understanding or agreement for the purchase and sale of the property. It is then alleged that plaintiff rendered services to the defendants and brought them into substantial agreement with each other for the purchase and sale of the property. It is then charged that plaintiff was prevented from concluding performance, by reason of the alleged conspiracy among the defendants to complete a secret purchase *316 and sale to the exclusion of the plaintiff from the benefit of his contract.
It is well established that no cause in conspiratorial tort may be asserted against a contracting party, and all the parties to the fifth cause are contracting parties. But, urges ■ plaintiff, it asserts a contract of employment with the owners and a contract of employment with the proposed buyers, all with the knowledge and consent of the parties. Thus, it is argued, two separate contracts of employment exist, as alleged, and therefore liability is imposable upon the defendant buyers for conspiratorial inducement of breach of contract with the sellers, and likewise liability is imposable upon the sellers for the conspiratorial inducement of the breach of the contract with the buyers.
The difficulty with this position is that the fifth cause of action does not in fact set forth two separate contracts. Paragraph 10 of the first cause of action is not incorporated in the fifth cause of action, and it sets forth as part of the first cause of action the agreement of the defendants to pay the usual and customary real estate brokerage commission. That would appear to tender a single undertaking by the defendants, whether joint or several, or both, for the payment of a single commission, and it is the customary brokerage commission which plaintiff seeks to recover by the first cause of action. The second cause of action seeks the recovery of the same commission against the defendant owners only, upon their promise to make payment of such commission, and the third cause of action is asserted against the defendant buyers upon their separate promise to make payment of such commission. The fourth cause of action is again asserted against the buyers for recovery in quantum meruit. While the allegation of express agreement for the payment of customary commissions is in this manner omitted from the fifth cause of action, it does contain a statement of the usual and customary brokerage commission, which would tend to indicate an express agreement for the payment of such commission in return for the services which in the fifth cause of action plaintiff alleged were rendered to the defendants in bringing about substantial agreement between the parties.
Thus, in the fifth cause of action there is either no allegation of an express agreement for the payment of customary commissions or there was an agreement for the payment of such commissions by all the defendants. If plaintiff intended, by the fifth cause of action, to count upon two separate contracts made with it, on the one hand by the buyers, and on the other hand *317 by the sellers, it has failed to do so. The fifth cause of action contained in Action No. 1 is insufficient.
The single defendant in each of Actions No. 2 and No. 3 is in the position of a noncontracting party. Consequently, liability is imposable upon each of them by reason of the alleged conspiratorial tort.
The motion of the defendants in Action No. 1 for dismissal of the fifth cause of action is granted, and the remaining motions are denied with leave to the plaintiff in Action No. 1 to serve an amended complaint with respect to the fifth cause of action, within 20 days from service of a copy of this order with notice of entry.