William R. Brennan, Jr., J.
Of the three defendants, Newman, Zellermayer and Kestenbaum, the two last named move in the alternative to dismiss the entire complaint (which pleads a first cause of action against the defendant Newman only and a second cause of action against all three defendants) for legal insufficiency under rule 106 (subd. 4) and under rule 107 (subd. 4) of the Rules of Civil Practice, because of prior adjudications, and to dismiss the second cause of action as against the movants only, upon the same two grounds.
Insofar as the motion is directed to the first cause of action, it is denied without prejudice to such motions as the defendant Newman may himself make with reference thereto. The same disposition is made as to the second cause of action to the extent it is alleged against said defendant. He was not served with the motion papers nor made a party to this motion and by letter dated May 12, 1960 he has only waived notice of motion 11 with respect to the motion made by' his co-defendants to dismiss the second cause of action * * * as against them.” (Cf. Hehl *653 v. State Farm Mut. Ins. Co., N. Y. L. J., Jan. 7, 1960, p. 14, col. 3; Chapnick v. Goldman, N. Y. L. J., Jan. 26, 1960, p. 15, col. 4.)
The second cause of action alleges that the plaintiff in 1954, having become aware of opportunities incident to the purchase of certain real estate, was informed by the moving defendants of their desire to acquire the property with plaintiff. It is further alleged that they thereupon made an oral agreement for the relative investments to be made by each of them and that each should have a one-third interest in the real property and that title be taken accordingly. It is then charged that the moving defendants and their codefendant, who is an attorney, conspired to cheat the plaintiff of his one-third interest in the property (which had not yet been acquired) by causing the plaintiff to retain the codefendant as his attorney incident to the participation agreement, by causing the codefendant to accept the retainer, by causing the codefendant to prepare a writing which has heretofore been held insufficient to establish a joint venture or other participation by plaintiff (Eidelberg v. Kestenbaum, 3 A D 2d 663; Eidelberg v. Zellermager, 5 A D 2d 658, affd. 6 N Y 2d 815) and to represent to plaintiff that it was sufficient to establish such participation agreement, and by causing the moving defendants and others associated with them to repudiate the oral participation agreement. It is expressly alleged that the codefendant was retained by the plaintiff and the moving defendants.
The complaint then goes on to allege that the representations which were caused to be made to the plaintiff were false and known by defendants to be false when made. It is notable that the only representation pleaded (as distinguished from acts committed pursuant to the alleged conspiracy) is that the defendants caused the codefendant to represent to the plaintiff ' that the writing prepared by the codefendant when signed by him and plaintiff would be sufficient to establish (i.e., integrate in writing) the parol agreement. Reliance on said representation is pleaded. The complaint continues with allegations of performance by plaintiff of the participation agreement and the supplemental agreement of retainer. Repudiation of the participation agreement is alleged and damage is claimed of all defendants because the writing did not legally establish the participation agreement.
What emerges from this pleading as the thrust of the second cause of action is the alleged conspiracy of all of the defendants to have the plaintiff .retain the nonmoving defendant as his attorney to prepare the participation agreement, and to have *654 said codefendant prepare a nugatory writing while representing that it was adequate, thus lulling the plaintiff into reliance upon its adequacy, and that it was part of the conspiracy to have the moving defendants repudiate it. We are not concerned with ultimate probability of success nor with the niceties of pleading; legal sufficiency is the present question.
The parties before the court on this motion are in agreement that the writing purporting to establish the participation agreement is nugatory- — a conclusion dictated by our higher courts in two previous litigations (see citations above). The said parties also agree that the writing could not of itself be the basis of an action in fraud (Dung v. Parker, 52 N. Y. 494; Subirana v. Munds, 282 N. Y. 726), since a writing void by virtue of the Statute of Frauds and so unenforcible in a direct action in assumpsit may not be enforced indirectly by an action for fraud and deceit. It is, therefore, undisputed that if the second cause of action were one predicated upon the theory of fraud and deceit it would be insufficient.
However, it is the plaintiff’s position repeatedly asserted in his memorandum that his second cause of action is for damages sustained because the moving defendants induced the codefendant to breach the plaintiff’s retainer agreement with said codefendant. This is the same agreement to which it is alleged the moving defendants were parties.
To the extent that the second cause of action is intended to rest upon a conspiracy to breach the attorney-client retainer agreement it fails to state a cause of action. “ It is well established that no cause in conspiratorial tort may be asserted against a contracting party, and all parties to the [second] cause are contracting parties.” (M. Morgenthau-Seixas Co. v. Rosenfeld, 21 Misc 2d 314, 316.)
Moreover, the second cause of action lacks allegations that the moving defendants did in fact interfere with or induce the breach of the attorney-client agreement as allegedly made. The charge, rather, is that all defendants conspired to cause plaintiff to enter into the retainer agreement and caused the codefendant to prepare a defectively integrated writing relating to the joint venture agreement between the principals. However, it is alleged that the conspiracy predated the retainer agreement; in fact the retainer agreement and the breach thereof are alleged to be parts of the conspiracy. As already observed, there is no cause of action for interfering with a contractual relationship stemming from a conspiracy between parties to it for its nonperformance before the agreement was even made. In short, no actionable wrong is pleaded when the theory is that defendants, *655 parties to a contract, conspired to breach the contract (Mokar Props. Corp. v. Hall, 6 A D 2d 536, 541; Labow v. Para-Ti Corp., 272 App. Div. 890).
Further, that theory of action is barred by the previous adjudications in two previous litigations instituted by this plaintiff. The plaintiff here relies upon the same inceptive facts as have already been passed upon and decided adversely to him. The supporting legal theory of the first complaint was subsumable under either specific performance of an agreement of sale or of a joint venture; his second complaint unequivocally rested upon a joint venture (Eidelberg v. Zellermayer, 5 A D 2d 658, 661). Here, to the extent the second cause of action may rest upon an alleged conspiracy to breach the participation agreement between plaintiff and the moving defendants, the identical agreement sub judice in the two prior suits, the issues have been determined. In the prior actions the plaintiff made much of the reliance placed by him in the moving defendants with whom he claimed a relationship of trust and confidence (Eidelberg v. Zellermayer, supra). He did more. He stated that the attorney acted not only for the moving defendants but for the plaintiff (a fact categorically denied by the attorney). He brought into question the adequacy of the representations made to him by said attorney, codefendant here, and urged that if the attorney was negligent he (plaintiff) should not be penalized; and that if the attorney deliberately prepared the writing to deceive the plaintiff, then the defense of Statute of Frauds could not be urged against the plaintiff. In both prior actions, as in this action, plaintiff alleged repudiation by the moving defendants of their oral agreement. Having been denied relief upon his claim of a joint venture with the moving defendants and his efforts to involve the codefendant as his alleged attorney, plaintiff now argues a conspiracy of the moving defendants with the codefendant to deny him the fruits of the joint venture. Every aspect of his present contention was before the courts in the previous actions except his labeling of the conduct of the defendants as a conspiracy. As stated in the second litigation, ‘ ‘ A judgment on the merits precludes another action based on the same foundation facts — in a special sense, the same cause of action — even though a different theory for similar relief is set forth (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304; Restatement, Judgments, § 63). (Eidelberg v. Zellermayer, 5 A D 2d 658, 663, supra).
For these and other reasons not necessary to be stated, the motion of the defendants Zellermayer and Kestenbaum to the extent it is directed against the second cause of action is granted *656 and said cause of action is hereby dismissed on the merits and without leave to replead.
Settle order on notice severing and continuing the action as to the codefendant and providing for the entry of judgment in favor of the moving defendants in accordance herewith.