Jack Stanislaw, J.
In this action for judgment declaring that plaintiff is not the husband of defendant, this defendant wife moves for summary judgment dismissing the complaint. The motion is based upon a prior action for absolute divorce brought by this plaintiff which resulted in judgment dismissing the complaint on the merits after trial. It is defendant’s contention that this prior determination is now res judicata with respect to the validity of the marriage. Since the verdict in the former action simply answered the issue as to adultery by the defendant wife in the negative, plaintiff insists here that the judgment did not necessarily adjudicate the existence of the marriage either directly or by implication.
Subsequent to the dismissal of the action for divorce on November 24,1959, a Florida court which had granted defendant a divorce from another in 1954 vacated its final decree on its own motion on the grounds of defendant’s fraud. The Í954 *487 decree was vacated on or about November 7, 1960, or almost a full year after the dismissal of plaintiff’s New York action for divorce. In 1961 plaintiff’s suit for the same relief now sought resulted in a judgment for plaintiff, reversed by the Appellate Division for failure to join defendant’s first husband as an indispensable party.
It would appear that a New York divorce action requires a determination of the validity of the marriage of these parties (Civ. Prac. Act, § 1147; Statter v Statter, 2 N Y 2d 668), thereby rendering that issue res judicata. This determination would stand even though the instant suit, if successful, would determine the marriage of these parties as void ab initio (Statter v. Statter, supra; Busk v. Busk, 229 N. Y. S. 2d 904, 908, mod. 18 A D 2d 700). The adjudication in the divorce action simply dismissed the complaint on the merits, essentially leaving the parties where they were before trial. The principle underlying the doctrine of res judicata is that of public policy (Statter v. Statter, supra), and that policy has been accepted as described by Chief Justice Cardozo (Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304, 306-307) as follows: “ A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first”. (Emphasis supplied.) Not only does the instant action in no way conflict with the prior dismissal, but neither might the vacating of the Florida decree have been raised in that action since it had not then occurred. Furthermore, the subsequent Florida decree would not only require application for a new trial; it would also make necessary revision of pleadings to the end that the matter would in effect start from the beginning altogether.
The motion is denied.