■ EARL C. SYLVANDER et al., Individually and on Behalf of all Other Stockholders Similarly Situated, Appellants, v. FARMERS AND TRADERS LIFE INSURANCE COMPANY et al., Respondents.— Judgment and order insofar as appealed from unanimously reversed, with costs, and motion denied, without costs. Memorandum: The judgment dismisses the second cause of action pleaded in the amended complaint upon the ground that the final judgment in a prior action (*Sylvander* v. *Taber*, 19 Misc 2d 1005, affd. 9 A D 2d 1019, mot. to dis. app. den. 7 N Y 2d 994) determined the same cause of action between the parties. "The general principle is recognized that 'a fact, once decided in an earlier suit, is conclusively established between the parties [or their privies] in any later suit, provided it was necessary to the result of the first suit.' (*Hinchey* v. *Sellers*, 7 N Y 2d 287, 293.) But the estoppel is limited in such circumstances to the point actually determined. 'The decisive test is this, whether the substance of the rights or interests established in the first action will be destroyed or impaired by the prosecution of the second.' (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 308.) " (*Matter of Fairmeadows Mobile Vil.* v. *Shaw*, 16 A D 2d 137, 139.) In the prior action the plaintiffs in this action sought a declaration that section 199 of the Insurance Law insofar as it applied to the stockholders of the Farmers and Traders Life Insurance Company was unconstitutional. While other declarations were requested, they were, all dependent upon the constitutionality of section 199. The court found and declared that the section was valid and constitutional and that the acts done by the officers, directors and mutualization trustees in carrying out a plan of mutualization were proper and valid and that no injunction against acts done thereunder should be issued. The second cause of action is brought in the right of the corporation to compel the corporate directors to replenish funds allegedly paid out illegally to policy holders. (Business Corporation Law, §§ 626, 720.) Plaintiffs allege that while required to keep separate accounts of participating and nonparticipating business, the defendants have not maintained such separation in the annual statements mailed to the plaintiffs; that in the years 1955–1960, the company lost more than one million dollars on its participating policies and that the losses were defrayed from accumulated net earnings of nonparticipating business; that the company has improperly allocated expenses of the participating policies against the nonparticipating business; that there was no divisible surplus within the meaning of subdivision 1 of section 216 of the Insurance Law for the payment of dividends on participating policies and that $476,661.80 of dividends were illegally paid to participating policy holders out of accumulated net earnings from nonparticipating business. Relief is requested that the amounts of losses and of dividends paid to participating policy holders be restored to accumulated net earnings from nonparticipating policies. The rights established in the prior action will not be destroyed or impaired in the prosecution of the second cause of action before us. Its allegations raise triable issues of fact which have not been previously adjudicated. (Appeal from a judgment and certain parts of an order of Onondaga Special Term dismissing the second cause of action in the amended complaint on the merits.) Present — Williams, P. J., Bastow, Henry, Noonan and Del Vecchio, JJ.