■     ABRAHAM WECHSLER, Respondent, v EXXON CORPORATION et al., Appellants, et al., Defendants. KATHLEEN E. SHAW, Respondent, v J. KENNETH JAMIESON et al., Appellant.—Orders, Supreme Court, New York County, entered June 22, 1976 (two orders in *Wechsler* case and three in *Shaw* case) denying motions to dismiss the complaint on the ground of failure by plaintiffs to make any effort to obtain the actions they desired from the board of directors of Exxon Corporation as set forth in respective notices of motion, all dated November 10, 1975, are unanimously affirmed, without costs and without disbursements. Orders, Supreme Court, New York County, entered June 22, 1976 (two orders in *Wechsler* case and three in *Shaw* case) denying the defendants' motions for summary judgment pursuant to respective notices of motion, all dated February, 1976, and directing that plaintiffs have discovery and disclosure, are unanimously reversed and orders vacated, without costs and without disbursements, on the law and the facts and in the exercise of discretion, and all further proceedings in these actions are stayed pending disposition of the actions in the United States District Court, Southern District of New York, entitled *Gall v Exxon Corporation* (75 Civ 3682), and *Freedman v Barrow* (75 Civ 4737). At any time after the entry of final judgment in the *Gall* action, either party may move for a determination of the effect of the judgments in the Federal actions on these actions in the State court and for dismissal of the actions or modification of the stay, if and to the extent appropriate. We affirm Special Term's denial of the motions to dismiss pursuant to notices of motion dated November 10, 1975 for failure of plaintiffs to make appropriate request of the board of directors of the Exxon Corporation in these derivative suits on behalf of Exxon Corporation because we agree that the subsequent action of the board of directors and the special committee on litigation in determining that plaintiffs' suits should not be instituted renders moot the objection that plaintiffs made no prior demand on the board of directors. With respect to the orders denying the motions for summary judgment, we are reversing and vacating those orders because of certain indisputable developments after the entry of the orders appealed from which have been properly brought to our attention. Simultaneously with the bringing of each of these two derivative suits on behalf of Exxon in the State court, two other stockholders, represented by the same respective attorneys, brought com-

panion derivative suits on behalf of Exxon in the Federal court. It is plain that, at a minimum, the claims asserted in the Federal actions and the State actions overlap to a large extent, if indeed, as defendants contend, the claims set forth in the State court actions are not completely included in the Federal actions. After the making of the orders appealed from, the *Freedman* action was tried in the Federal court and resulted in a final judgment dismissing the complaint on the merits. In the *Gall* action, United States District Judge Carter, after hearing argument, has recently stated (November 29, 1976) that he has determined that defendants are entitled to judgment and that he will attempt to get out an opinion before the end of the year 1976, after which, presumably, a formal judgment will be entered in that action. Until Judge Carter hands down his opinion and the judgment, the precise scope of that opinion and judgment cannot be known. But it appears highly probable, to say the least, that when final judgment is rendered in the *Gall* action, that judgment together with the judgment that has already been rendered in the *Freedman* action will have adjudicated claims which largely overlap, if they do not completely cover, the claims in this action. There is a high probability that whether on principle of direct estoppel or collateral estoppel (see *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304, 306–307), the judgments in the Federal actions will either dispose of these actions or will at a minimum greatly reduce the issues in the State actions. And this will all happen in a very short time from now. On the other hand, the actions in the State court are still at quite an early stage and presumably there will have to be depositions, preparation for trial, etc. Judicial economy requires that the action be disposed of in one court, if at all possible, and that litigants and court should not be burdened with prosecuting, defending, and adjudicating the cases in two courts. Indeed, respondent Shaw stated in her brief (before the decision in the *Freedman* action) that she had no objection to having the issues raised by the second cause of action in the complaint (which overlaps with the *Freedman* complaint) await the determination in the *Freedman* action. In the circumstances, we deem it advisable to stay further proceedings in these actions in the State court pending the disposition of the Federal court actions. This stay of course does not prevent either party from moving for a determination as to the effect of the Federal judgments on the State court actions, or for a modification of this stay based upon either developments in the Federal actions (e.g., plaintiffs have indicated their intention to appeal the Federal judgments) or other now unforeseen developments. And of course this stay does not prevent any party from seeking to attack the stay itself by appeal or other appropriate procedure. Concur—Kupferman, J. P., Lupiano, Silverman and Capozzoli, JJ.