Spine Care of NJ, P.C. PIP/BI v State Farm Mut. Auto. Ins. Co. (2022 NY Slip Op
50157(U))

[*1]

Spine Care of NJ, P.C. v State Farm Mut. Auto. Ins. Co.
PIP/BI

2022 NY Slip Op 50157(U) [74 Misc 3d 133(A)]

Decided on February 25, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 25, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., MICHELLE WESTON, DONNA-MARIE E.
GOLIA, JJ

2021-339 K C

Spine Care of NJ, P.C., as Assignee of
Merlande Pierre, Respondent, 
against
State Farm Mutual Automobile Ins. Co. PIP/BI, Appellant.

McDonnell, Adels & Klesyzick, PLLC (Michael J. Giordano of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Matthew P.
Blum, J.), entered August 6, 2020. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is affirmed, with $25 costs.
Plaintiff commenced this action to recover first-party no-fault benefits for medical services
provided to its assignor as a result of injuries sustained in an automobile accident. The complaint
states that the assignor "was injured in a motor vehicle accident on or about 5/10/2017."
Defendant moved to dismiss the complaint, contending that plaintiff's action was barred by virtue
of an order granting defendant's motion to enter a default judgment against, among others,
plaintiff and its assignor in a Supreme Court declaratory judgment action commenced by
defendant seeking, among other things, a declaratory judgment that the accident was staged and
that defendant had no obligation to pay no-fault benefits in connection with the accident. In
support of its motion, defendant submitted, among other things, the complaint in this Civil Court
action and the complaint filed in the Supreme Court action, the latter of which, however, lists a
date of accident of May 9, 2017. By order entered August 6, 2020, the Civil Court, among other
things, upon treating defendant's instant motion as one for summary judgment dismissing the
complaint, denied defendant's motion.
"The proponent of a summary judgment motion must make a prima facie showing of
entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any
material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d
851, 853 [1985]). Res judicata, or claim preclusion, may be invoked where a party seeks to
relitigate a [*2]disposition on the merits of claims or causes of
action arising out of the same transaction which had been raised or could have been raised in a
prior litigation (see Schuylkill Fuel Corp. v Nieberg Realty Corp., 250 NY 304, 306-307
[1929]; Albanez v Charles, 134
AD3d 657 [2015]; Eagle Surgical
Supply, Inc. v AIG Ins. Co., 40 Misc 3d 139[A], 2013 NY Slip Op 51449[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]).
Here, defendant's own papers presented two different accident dates, May 9, 2017 and May
10, 2017, without any explanation for the discrepancy. Thus, defendant's papers failed to make a
prima facie showing of its entitlement to summary judgment based on res judicata, as defendant
failed to show that its claim arose out of the same transaction as was in controversy in the
Supreme Court litigation (see
Hu-Nam-Nam v Allstate Ins. Co., 55 Misc 3d 146[A], 2017 NY Slip Op 50685[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; New Millennium Med. Imaging, P.C. v American Tr. Ins. Co., 50 Misc
3d 145[A], 2016 NY Slip Op 50259[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]; Eagle Surgical Supply, Inc. v AIG Ins. Co., 2013 NY Slip Op 51449[U]).
Accordingly, the order, insofar as appealed from, is affirmed.
ALIOTTA, P.J., WESTON and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 25, 2022